**Edward Mueth et al., Appellees, v. George Jaska, Appellant.**

Opinion filed November 8, 1939.

ARTHUR W. PETH and A. B. DAVIS, both of Belleville, and A. H. FRIDRICHS, of Waterloo, for appellant.

HARRY E. JACKSON, of Waterloo, and PRESTON K. JOHNSON, of Belleville, for appellees.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

Plaintiffs below obtained judgments in the circuit court of Monroe county, Illinois, against defendant below, in an action for personal injuries to each of plaintiffs, and for damages to an automobile owned by Edward Mueth, by reason of a collision between such automobile and an automobile owned and driven by the defendant, on February 6, 1938, while the said Edward Mueth was driving his automobile in a northerly direction on Illinois State Highway No. 3 near the junction of said highway with Illinois State Highway No. 158,

in Monroe county, Illinois. Defendant had filed a counterclaim against plaintiffs, but dismissed such counterclaim as against all others but the plaintiff Edward Mueth. The case was tried before a jury and verdicts were returned in favor of the plaintiffs in the following amounts: To Edward Mueth, $2,000; to Josephine Mueth, $300; to Philip Mueth, $2,500; and to Bertha Mueth, $200. The jury found against the defendant in his counterclaim which was asserted against Edward Mueth, plaintiff. From the judgments entered upon such verdicts, the defendant appeals to this court.

The only eyewitnesses to the collision were the four plaintiffs, and the defendant, and the lady passenger in his car, Celia Benhoff. The evidence of the witnesses conflicts considerably. The plaintiffs' witnesses testified in substance to the effect that the plaintiff Edward Mueth was driving with the other plaintiffs in his two-door Plymouth coach automobile on February 6, 1938, at 1:20 p. m., in a northerly direction on route 3, en route to St. Louis, and that defendant, George Jaska, was driving his Plymouth coach in a westerly direction on route 158, which comes into route 3 from the east and terminates in a "Y" intersection. They further testified that when the car in which the plaintiffs were riding was about 30 feet south of the junction of the south lead of such "Y" intersection, and was traveling about 20 miles per hour, the defendant's car was observed coming out of route 158, at which point there is a State stop sign. They testified that defendant failed to make the stop, and two State officers who were not eyewitnesses to the accident, but to whom defendant talked later, likewise testified that defendant admitted that he failed to stop and said that he merely slowed down. It was stated that defendant's car was coming around the lead and was about 30 feet from route 3 when the plaintiff Edward Mueth first saw it, and that defendant's automobile was traveling about

35 miles per hour. The plaintiff Edward Mueth testified that he immediately applied his brakes and decreased his speed to about 10 miles per hour, although he did not succeed in stopping.

Plaintiffs testified that the cars came together on the east side of route 3; that defendant's car was on the wrong side of the road; that the left corner of defendant's car came in contact with the right front of the car in which plaintiffs were riding; and that the front part of both cars went to the west side of the road and came to rest in a V-shaped position after the accident, with both front ends being on the west side of the black center line of route 3, and both back ends on the east side thereof.

Defendant, and his witness, both testified that defendant did stop at the stop sign, and contend that plaintiff swerved over to the west side of the black line at the time the accident occurred, and that plaintiff's car was traveling between 30 and 35 miles per hour on the defendant's side of the highway. Defendant likewise places considerable emphasis on the position of the automobiles after the accident, and the fact that the occupants of the car in which the plaintiffs were riding, were substantially injured, while the defendant and his passenger, Miss Benhoff, suffered slight, if any, injuries. Defendant contends that the physical facts show that the plaintiffs were proceeding more rapidly than the defendants, and that they were proceeding on the wrong side of the road.

Defendant relies for reversal upon the contentions: First: That all the verdicts are against the law and the evidence; and, Secondly: That the verdicts of the jury in favor of the plaintiffs, Edward Mueth and Philip Mueth, are so grossly excessive in amount as to clearly evince prejudice and passion on the part of the jury as against the defendant, and a misunderstanding on the part of the jury as to the measure and elements of damages properly warranted by the evi-

dence as reasonable compensation for the injuries shown by the evidence.

The evidence in this case conflicted as to the facts, and as to the basic question of whether or not plaintiff Edward Mueth was guilty of contributory negligence, and whether or not defendant George Jaska was guilty of negligence proximately causing the injuries. The evidence submitted by plaintiffs, if believed, was sufficient to justify verdicts in favor of plaintiffs. It has repeatedly been held that the verdict of a jury, when approved by a trial judge, should not be disturbed by a reviewing court unless the record clearly shows it is contrary to the weight of the evidence (*Belz v. Piepenbrink,* 318 Ill. 528, 535; *Carney v. Sheedy,* 295 Ill. 78). There is nothing in the record which in any manner indicates that the verdicts returned in the case under consideration are clearly contrary to the weight of the evidence. The evidence as to defendant's negligence, as to plaintiff's contributory negligence, and as to the proximate cause of the collision, was conflicting. It was the province of the jury, under those circumstances, to determine which witnesses were found to be worthy of belief, and under such circumstances the court is not warranted in substituting its judgment for that of the jury, nor in such circumstance will a reviewing court set aside the verdict (*Gregory v. Merriam,* 294 Ill. App. 483, 489).

Some emphasis was placed by defendant on the contention that plaintiff Edward Mueth was guilty of contributory negligence by virtue of the fact that the right front of plaintiff's car and the left front of defendant's car came together, and because of the physical facts of the position of the cars at the time of collision and after the automobiles came to rest, as well as the comparative injuries of the occupants of the respective cars. While it is true that courts take judicial notice of natural forces and laws of physics and mathe-

matics, and while a verdict against incontrovertible facts could not be sustained, there is nothing in the record or in the existence of the physical facts referred to by defendant, which justifies this court in saying, as a matter of law, that plaintiff Edward Mueth was guilty of contributory negligence. Certainly comparative injuries suffered by the respective occupants of automobiles involved in collisions, cannot be the test of negligence, or responsibility for such injuries.

The plaintiff Edward Mueth testified to facts which, if true, showed or tended to show that he was put in a position of danger by defendant's failure to stop. If he found it necessary to swerve his car to the left to avoid such danger resulting from the negligence of the defendant, it was a question for the jury whether such action constituted contributory negligence on the part of the plaintiff Edward Mueth, and it has been correctly stated that such action could not constitute negligence as a matter of law (*Synwolt v. Klank*, 296 Ill. App. 79, 85).

The evidence of the plaintiffs was of such character as to indicate that the negligence of defendant was the proximate cause of the injuries. There was ample evidence to support the verdicts. Under the evidence in the record this court would not be justified in saying, as a matter of law, that there was no negligence on the part of plaintiff Edward Mueth. The verdicts of the jury, and the judgments of the court below, cannot be disturbed by this court in the state of the evidence in the record.

Defendant, likewise, contends that the amounts awarded by the jury to Edward Mueth, of $2,000, and to Philip Mueth, of $2,500, are grossly excessive. Such contention is likewise not justified by the evidence.

Edward Mueth, who was awarded $2,000, had medical, hospital, and nursing bills of $156.75. In addition, his automobile was damaged to the extent of $175

to $200. His physician testified that he had lacerations on his chin, face, chest, hand, and finger, and a fracture of the fourth rib, which involved the pleura, and thereafter caused severe pleurisy and bronchitis; that he had contusions and bruises which later caused him to develop pain in his right side and a weakness in the right inguinal ring. Edward Mueth testified that he is, likewise, troubled with headaches, dizziness, and nervousness, which he, and his doctor, attribute to the accident.

Philip Mueth, in whose favor a judgment of $2,500 was entered, has a permanent injury to his jaw, and the use of the articular of the left side is decidedly impaired; that the effect is to limit his chewing. He suffered a cerebral concussion, which left him considerably confused for a few days. Philip Mueth's bills were, likewise, substantial. He testified to loss of weight and inability to chew his food.

Under the circumstances there seems to be no adequate basis for the contention that the verdicts complained of were excessive. Verdicts of the jury in cases of the character before this court, will not be disturbed in absence of a showing that the verdicts are so palpably excessive as to indicate some improper motive on the part of the jury, such as passion or prejudice. The fixing of the amount of damages in an action for personal injuries is peculiarly within the province of the jury, there being no regular standard by which to measure the amounts to be awarded (*Crane v. Railway Express Agency, Inc.,* 293 Ill. App. 328), and damages will not be considered excessive in absence of a showing of prejudice and passion (*Owens v. Guerney,* 241 Ill. App. 477, 480). This court does not feel that the verdicts complained of were excessive in any respect, or that this court would be justified in taking any action in reducing the amount thereof.

In connection with the amount of the verdicts defendant cites the fact that one of the witnesses called

on behalf of the plaintiffs, a State police officer, referred to the fact that the defendant mentioned insurance. The question which was asked was not designed to bring out that fact, and the answer was not responsive. The trial court sustained defendant's objection, and instructed the jury to disregard the statement of the witness. Defendant made no motion for mistrial, and everything was done which defendant requested be done in connection with such statement. It cannot now be said that defendant is entitled to further relief than was sought in the trial.

There being no reversible error in the record, the judgments on behalf of the plaintiffs-appellees, and against the defendant-appellant, are therefore affirmed.

*Affirmed.*