**LARSEN v. CHICAGO & N. W. R. CO.**
No. 9602.

United States Court of Appeals
Seventh Circuit.
Dec. 29, 1948.

Rehearing Denied Jan. 29, 1949.

Lowell Hastings and Drennan J. Slater, both of Chicago, Ill., for appellant.

Royal W. Irwin, of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges and LINDLEY, District Judge.

KERNER, Circuit Judge.

Defendant is appealing from a judgment rendered upon a jury verdict which awarded to plaintiff $50,000 in damages for injuries incurred by him while in the discharge of his duties as conductor on one of defendant's trains. The action was predicated upon an alleged violation of the Federal Employers' Liability Act, as amended, 45 U.S.C.A. § 51 et seq.

The amended complaint alleged four acts of negligence which, it was charged, caused plaintiff's injury. They were: (a) Defendant negligently caused the train to suddenly jerk, sway and run unevenly; (b) it negligently permitted other employees to be upon the steps of the caboose; (c) it negligently caused the pusher engine to be attached to the rear of the train; and (d) it negligently violated an agreement between defendant and the Order of Railway Conductors, a union to which plaintiff belonged, which provided: "Pusher Engines Cut in Ahead of Cabooses. 74 Engines assisting trains will be cut in ahead of caboose when practicable to do so." Charge (a) was withdrawn voluntarily by plaintiff at the close of his case, and in answer to three special interrogatories the jury found defendant not to be negligent as charged in (b). In answering the interrogatories relative to charges (c) and (d), however, the jury did find defendant guilty of negligence as alleged in both charges.

The principal question is whether there was sufficient evidence to support the jury's verdict in either of the two charges of negligence on which the defendant was found guilty, for the law is that but one charge of negligence is sufficient to sustain a verdict. Miller v. Advance Transportation Co., 7 Cir., 126 F.2d 442, 446.

The injury in question occurred on a clear day early in the afternoon of July 6, 1942, at Stambaugh, Michigan. Stambaugh, a small community consisting of a few houses and defendant's railroad yard, is located in the iron ore region, and on this particular division defendant's principal business is the handling of ore cars. Plaintiff worked as conductor on the only train running into Stambaugh. This train originated at Iron Mountain, Michigan, with empty ore cars which it carried to Stambaugh; it returned the same day to Iron Mountain with loaded ore cars. Defendant's tracks run in a general northerly and southerly direction, and the terrain over which the train runs on this division is more or less level from Iron Mountain to Caspian, which is about a mile south of Stambaugh. North of Caspian there is a steep grade which on the return trip with loaded cars is negotiated with the aid of a second or an assist engine. The run to Stambaugh was made without mishap, and at about two o'clock in the afternoon the return trip was ready to commence. The train at this time consisted of the engine and tender, twenty-six loaded ore cars, the caboose, and an assist or pusher engine. This assist engine was located at the back end of the train and was attached to the rear of the caboose. As conductor, Larsen was in command of the actual movement, i. e., he gave the orders to the engineer. He was, however, not responsible for the coupling of the cars or the attaching of the engine. When Larsen gave the highball signal to his engineer, which was relayed to the engineer of the pusher engine, he was walking north to the rear of the train where he intended to board the caboose. After the train had started, and while he was still walking north, Larsen noticed that a brake on one of the cars was sticking. He climbed up on the side of the car, released the brake and climbed down. With the train still proceeding, he stopped at the depot door and told the telegrapher to check out the crew. Thereafter Larsen attempt-

ed to board the rear of the caboose. He testified that he grabbed the slanting or quarter-circular handhold on the side and near the rear of the caboose, and put his left foot on the bottom step and attempted to swing himself up. He stated that as he was standing with both feet on the bottom step he attempted to draw himself up, but as he did so, he came in contact with something hard in the back pocket of one Rucinski (a helper in the switch engine crew), which knocked the wind out of him and broke his watch crystal, causing him to lose his balance and slip off the bottom step. When he slipped off the bottom step his left leg went under the pony wheel of the pusher engine which necessitated its amputation at about ten inches below the knee.

Defendant points to the fact that the pusher engine had to be placed on the train of cars so that it might negotiate the inclined grade and that Larsen knew that the pusher engine was attached to the rear of the caboose. It argues that it was not negligent in so placing the pusher engine and that Larsen brought about his injuries solely by his own negligence. It also argues that the remaining charge of negligence was based not upon the Federal Employers' Liability Act but upon an alleged contract violation which by necessity required allegation and proof of due care on the part of plaintiff. And the point is made that there was neither allegation nor proof. We need not consider the second contention as it is apparent that there was reasonable basis for concluding, in support of the jury's verdict, that defendant was negligent by its act of attaching the pusher engine to the rear of the caboose.

The courts on many occasions, in considering the Federal Employers' Liability Act, have stated that the negligence referred to in those cases is common law negligence; that negligence is defined as the lack of due care under the circumstances, or the failure to do what a reasonable and prudent man would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done. Tiller v. Atlantic Coast Line R. R., 318 U. S. 54, 67, 63 S.Ct. 444, 87 L.Ed. 610, 143

A.L.R. 967. So, too, they have held that it is the duty of a railroad company to furnish its employees with a reasonably safe place to work. A duty which becomes imperative and exacting as the risk increases. Bailey v. Central Vermont Ry., 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444.

To recover under the Act plaintiff must prove that defendant was negligent and that such negligence in whole or in part was the proximate cause of his injuries. Tiller v. Atlantic Coast Line R. R., supra, 318 U.S. at page 54, 63 S.Ct. at page 444, 87 L.Ed. 610, 143 A.L.R. 967. That is to say, the Act does not make defendant the insurer of the safety of its employees while they are on duty. The basis of its liability is its negligence, not the fact that injuries occur. Ellis v. Union Pacific R. R., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572. In this connection it is well to remember that the Supreme Court, in construing the effect of the 1939 amendment to the Act, held in the Tiller case, supra, that the amendment obliterated from the law every vestige of the doctrine of assumption of risk as a defense in any case where an injury to a person covered by the Act resulted in whole or in part through the negligence of the carrier.

As we have already observed, it was not plaintiff but other of defendant's employees who were responsible for the makeup of the train. It was they that attached the pusher engine to the rear of the caboose. This was not a switching movement in the defendant's yard, but a regular train movement; and the *crew of the train* other than the engineer and the fireman *rode in and would have to board the caboose,* and there was evidence that there were various switches, cross-overs and other tracks, both behind the pusher engine and in front of the train itself, which could have been used to place the pusher engine ahead of the caboose.

It is conceded that the court properly charged the jury on the subject of proximate cause, and the record discloses that the trial judge fully and properly instructed the jury on the question of negligence, and that if any negligence on the part of plaintiff contributed to the negligence of defendant in causing his injury, his dam-

ages might be reduced. Thus there was presented to the jury whether defendant was guilty of negligence, and whether, if there was negligence, it resulted, in whole or in part, in the injuries sustained. It is upon this record that defendant contends that the court erred in denying its motion for judgment notwithstanding the verdict.

Unless there is a complete absence of probative facts, Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916, the question of whether defendant was guilty of negligence in furnishing a reasonably safe place to work was for the jury to determine from all the facts and circumstances. Bailey v. Central Vermont Ry., supra, 319 U.S. at page 353, 63 S.Ct. 1062, 87 L.Ed. 1444. And once there is a reasonable basis for concluding that there was negligence which caused the injury, it is irrelevant that fair minded men might reach different conclusions. In such cases the trial judge is not justified to substitute his conclusions for those of the jury. Lavender v. Kurn, supra, and Ellis v. Union Pacific R. R., supra, 329 U.S. at page 653, 67 S.Ct. 598, 91 L.Ed. 572. Bearing these principles in mind and applying them to our case, we believe there was a reasonable basis for concluding there was negligence which caused the injury, hence the trial court properly left it to the jury to say whether defendant was guilty of negligence in placing the caboose ahead of the pusher engine and whether plaintiff's injuries resulted in whole or in part from such negligence.

Defendant next makes the point that the verdict is grossly excessive and is therefore indicative of passion and prejudice, and that the trial court abused its discretion in refusing to set it aside.

The Supreme Court has repeatedly said that we may not review the action of a federal trial court in denying a motion for a new trial on the ground that the damages awarded by the jury were excessive. See cases cited in Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 481, 485, 53 S.Ct. 252, 77 L.Ed. 439. True it is, that a verdict obtained by appeals to passion and prejudice cannot stand. Minneapolis, St. P. & S. S. M. Ry. v. Moquin,

283 U.S. 520, 53 S.Ct. 501, 75 L.Ed. 1243. But that is not our case. Here there was no misconduct of plaintiff's counsel in making appeals to passion and prejudice, hence we have no authority to tamper with the jury's verdict, or as Mr. Justice Holmes said in Texas & Pacific Ry. v. Behymer, 189 U.S. 468, 469, 23 S.Ct. 622, 47 L.Ed. 905, "we have nothing to do with that." Moreover, it is now well settled that the fixing of the amount of damages in an action for personal injuries is peculiarly within the province of the jury, there being no regular standard by which to measure. Mueth v. Jaska, 302 Ill.App. 289, 23 N.E.2d 805. See also Princell v. Pickwick Greyhound Lines, Inc., 262 Ill.App. 298, and Ford v. Friel, 330 Ill.App. 136, 70 N.E. 2d 626. There is the additional reason that setting aside the verdict was within the discretion of the trial judge, and in this case we will not presume to substitute our reason and experience for his.

Defendant also contends that the court should have granted a new trial on account of newly discovered evidence to the effect that a juror concealed previous injuries on his voir dire examination. The juror, a former railroad man, upon his examination and in answer to the question as to whether he had been in any accidents, stated that he had not been involved in personal injuries, but in wrecks only. Subsequently it was discovered that he had received $115 from an insurance company for an injury to his foot. We fail to see wherein defendant was prejudiced, which would be grounds for setting aside the verdict, because in answer to counsel's question, which was not pursued further, the juror said he had not been involved in "a personal injury, only on wrecks," which would seem to imply that he had never sued a railroad. Under these circumstances we do not think the court erred in denying a new trial on account of newly discovered evidence.

Finally defendant complains of an instruction that told the jury that they had the right upon consideration of all the evidence, in the light of their own common observation and experience as men and women in the affairs of life, to say where the truth lay upon any material

fact in the case. It also insists that the court erred in instructing the jury that the Federal Employers' Liability Act provided that people working in the railroad business did not assume the risk of employment. We see no error in the instruction given.

The judgment of the District Court is affirmed.