**UNITED STATES of America**

v.

**Leo JACOBS, Appellant.**

**No. 22336.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 26, 1969.

Decided June 25, 1969.

Mr. William P. Sullivan, Washington, D. C. (appointed by this court) for appellant.

Mr. Terry P. Segal, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., at the time the brief was filed, Frank Q. Nebeker, Asst. U. S. Atty., at the time the brief was filed, and Theodore Wieseman, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and WRIGHT and ROBINSON, Circuit Judges.

FAHY, Senior Circuit Judge:

This is an appeal from a judgment of conviction of robbery [1] and assault with a dangerous weapon.[2] We affirm notwithstanding an instruction with which we are not in agreement. We affirm because no objection was made to the instruction, and in the context of the case as a whole the error, though we deem it plain, did not affect a substantial right of the appellant. Thus we are not called upon to reverse under the discretion residing in the court under Rule 52(b), Fed.R.Crim.P.

1. 22 D.C.Code § 2901.

2. 22 D.C.Code § 502.

The instruction advised the jury to,

Consider all of the evidence that you have heard in the course of this trial in the light of your own experiences as citizens of this community.

The quoted language is but a small part of a comprehensive instruction regarding the province of the jury with respect to the evidence. Its possible effect upon the jury accordingly was diluted.

■ We think the jury should not be told to consider the evidence in light of their own experiences as citizens of this community. This might conjure up varied experiences unknown to the defense and unrelated to either the weight or credibility of the evidence adduced at trial. The jury should be guided by the rules with respect to reasonable doubt, weight, intent, credibility, and other pertinent factors, well covered by the trial judge in this case.[3] To be guided in addition by their "own experiences as citizens of this community" places at their disposal too vague a standard to follow in their search for the truth in a case on trial.[4]

The government seeks support for the instruction in the recommendation of the District of Columbia Junior Bar for inclusion of the following language in a general charge on the function of the jury:

You should consider the evidence in the light of your own observations and experience in the affairs of life.[5]

Criminal Jury Instructions for the District of Columbia (1966), Instruction No. 2.

Of the cases cited by the government, one is Larsen v. Chicago & N. W. R. Co., 171 F.2d 841, 845–846 (7th Cir.), where the court said:

Finally defendant complains of an instruction that told the jury that they had the right upon consideration of all the evidence, in the light of their own common observation and experience as men and women in the affairs of life, to say where the truth lay upon any material fact in the case. * * * We see no error in the instruction given.

A second case is Pacific Employers Ins. Co. v. Orren, 160 F.2d 1011 (5th Cir.), where the court stated:

Certainly, jurors may use their common knowledge and experience in weighing the evidence in a case.[6]

Moreover, in Mathes & Devitt, Federal Jury Practice and Instructions § 8.03 (1965) an instruction is approved which advises the jury,

* * * you are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

And see Daniel v. United States, 268 F.2d 849, 853 (5th Cir.), opinion by Judge Wright, where it is said:

It is true that the great genius of the jury system is the human experi-

---

3. Thus the court's instructions in the present case properly advised the jury that they were the sole judges of the facts and of the weight, effect and value of the evidence that they should determine the facts without bias, prejudice or favor, that their recollection of the facts controls, that the argument of counsel is not evidence, and that the indictment is not evidence and furnishes no basis for an inference of guilt. They were further instructed that they were to consider and weigh all the evidence, direct and circumstantial, and that they were the sole judges of the credibility of the witnesses. The court elaborated upon the factors bearing upon credibility, concluding with a statement that, in short, the jury were to "give to the testimony of each witness

such weight as in your very good judgment it is fairly entitled to receive."

4. *See* Wilber v. Buckingham, 153 Iowa 194, 132 N.W. 960 at 962 (1911).

5. The cases cited by the Junior Bar in support of the instruction which includes this language do not refer to this particular part of the instruction.

6. The decision of the court really turned on the view that the attempt by affidavit to impeach the verdict of the jury could not be approved, citing Eagle Lake Improvement Co. v. United States, 160 F.2d 182 (5th Cir.); McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300; and Loney v. United States, 151 F.2d 1 (10th Cir.).

ence which only a jury can bring to bear on the essentially human problems which a jury is required to decide. Perhaps some judges are capable of purely intellectual judgments. Jurors, being human, cannot disassociate their experience from their judgments.[7]

It seems to us that these several statements mean no more than that in determining where the truth lay the jury are not required to try to shake off their own knowledge, experiences and observations. The courts thus recognize that jurors necessarily carry into the jury room these attributes of their total personality. There is, however, a difference between this and consideration by the jury in their fact-finding process of their "experiences as citizens of this community;" for, though unintended, an instruction so phrased might lead the jury to judge the evidence upon the basis of particular personal experiences rather than under the standards the court in the present case set forth as outlined in footnote 3, *supra*. Assuming that the language we question was intended to mean no more than we attribute to that of the Junior Bar and the other authorities referred to, namely, that jurors necessarily carry into the jury room the effect upon them of their knowledge, observations and experiences, nevertheless even as so intended the language might be misunderstood.

We think it better to omit all such references to prior knowledge, experiences and observations, though we realize, as indicated above, that considerable support for such references is available. A juror is what he is. If an instruction couched in the language referred to in the cited authorities means no more, then it is unnecessary. If it means more it is undesirable. In either case it might lead to confusion and misunderstanding.

Affirmed.

7. *See* McCarty, D., Psychology And The Law (1960).