**UNITED STATES of America**
**v.**
**Willard F. MOORE, Appellant.**
**No. 23483.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 14, 1970.

Decided Oct. 19, 1970.

28. *Cf.*, Annot. 25 A.L.R.2d 576 (1952); W. Prosser, Torts 420 (3rd ed. 1964).

**114**

Mr. Thomas P. Meehan, Washington, D. C., for appellant.

Mr. Herbert B. Hoffman, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and Robert A. Shuker, Asst. U. S. Attys., were on the brief, for appellee.

Before WRIGHT, MacKINNON and WILKEY, Circuit Judges.

## PER CURIAM:

■ Appellant was convicted of both counts of an indictment charging false pretenses and grand larceny. On appeal he alleges plain error by the trial court (1) in failing in its instruction to the jury to define specific intent when both crimes of which appellant was convicted require such a finding; (2) in instructing the jury that "it may be inferred that one intends the natural and probable consequences of his act, but you are not required to so infer"; and (3) in failing to instruct the jury that intoxication could negate the specific intent essential to a finding of guilt.[1] We affirm.

■ While the Government concedes that the offenses of which appellant was convicted require proof of specific intent, the trial judge failed to use the phrase "specific intent" in his instructions. Instruction No. 42 of Criminal Jury Instructions for the District of Columbia (1966) defines intent and explains the critical difference between general and specific intent as follows:

> "Intent means that a person had the purpose to do a thing; it means that he made an act of the will to do the

1. Appellant also contends that the trial court's charge on reasonable doubt was incorrect under United States v. Jacobs, 134 U.S.App.D.C. 198, 413 F.2d 1105 (1969). In *Jacobs,* this court ruled erroneous an instruction advising the jury to rely on their "own experiences as citizens of this community." 134 U.S.App.D.C. at 199, 413 F.2d at 1106. The court rejected "all such references to prior knowledge, experiences and observations," noting that "an instruction so phrased might lead the jury to judge the evidence upon the basis of particular personal experiences * * *." 134 U.S.App.D.C. at 200, 413 F.2d at 1107. Here there was no such charge calling the jury's attention to particular prior experiences, although there was a general reference to certainty such as "you would not hestitate to act upon in the more weighty and important matters relating to yourself." We do not believe this focus on the jurors' personal lives was sufficiently misleading to constitute plain error. But far better would be the instruction in terms of what would cause "an ordinary and prudent person to hesitate and pause" which this court approved in Scurry v. United States, 120 U.S.App.D.C. 374, 375 and n. 3, 347 F.2d 468, 469 and n. 3 (1965), cert. denied, 389 U.S. 883, 88 S.Ct. 139, 19 L.Ed.2d 179 (1967).

One further contention, unrelated to the trial court's charge, is made by appellant. The contention is that the court erred in refusing to permit appellant, during the trial, to challenge the validity of his arrest as a basis for excluding evidence seized in a search incident thereto. Constitutional error in the admission of evidence may be raised at any time, including collaterally. Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). Neither in the trial court nor on appeal did appellant indicate the kind of evidence he would offer to establish the illegality of his arrest. Under the circumstances, we think appellant should be relegated to his collateral remedy under 28 U.S.C. § 2255 (1964). *See* Kaufman v. United States, *supra.*

thing; it means that the thing was done consciously and voluntarily and not inadvertently or accidentally.

"Some criminal offenses require only a general intent. Where this is so, and it is shown that a person has knowingly committed an act which the law makes a crime, intent may be inferred from the doing of the act.

"Other offenses require a specific intent. Specific intent requires more than a mere general intent to engage in certain conduct or to do certain acts. A person who knowingly does an act which the law forbids, intending with bad purpose either to disobey or disregard the law, may be found to act with specific intent."

This is a correct statement of the law which, if given, would have eliminated the specific intent issue from this case. The trial court, however, did give an adequate instruction on the intent necessary to convict appellant of the crimes of false pretenses and grand larceny.[2] Under the circumstances, and in view of appellant's failure to except to the charge, we find no error requiring reversal.

■ Appellant also challenges the trial court's instructions insofar as they permit the jury to infer, in a specific intent crime, that one intends the natural and probable consequences of his acts. Counsel refers to several Circuit Court cases which criticize this instruction as "an invitation to reversal."[3] Counsel

---

2. The trial court, in explaining the intent necessary to convict appellant of the crime of false pretenses, said:

"Whoever by any false pretense, with intent to defraud obtains from any person anything of value shall be punished as provided by law.

*    *    *    *    *

"Intent to defraud generally cannot be proved directly because as I have already stated to you in connection with knowledge, there is no means of fathoming the operation of the mind of another person.

"But, intent may be inferred by you from things spoken, things done, and all the other surrounding circumstances. It may be inferred that one intends the natural and probable consequences of his act, but you are not required to so infer.

"Intent to defraud may be imputed to a person if the evidence shows that he has obtained something of value from another person by means of false representations, knowingly made with intent to induce the action taken by the other."

In outlining the necessary intent for the crime of grand larceny, the trial court said:

" *    *    *    [T]he property must have been unlawfully taken from the possession of another with the intent on the part of the taker to convert it to his own use.

*    *    *    *    *

" *    *    *    [I]f a person by trick or fraud obtains the property of another with intent to convert it to his own use, and thereafter does so convert it, that

would be larceny, and if the defendant were guilty of that in this case then he would be guilty under this indictment.

"It is necessary, however, that in a case of this kind, where the charge is obtaining personal property by trick or fraud, that at the time it is obtained there must be the fraudulent intent at that time by the party taking it, to convert it to his own use. If he takes it without any intent to convert it to his own use, *    *    *    that would not be larceny, and if that was the circumstance that the jury found to be fact, the defendant would not be guilty.

"The question here is, did the defendant acquire this money by trick or fraud and at the time intend to convert it to his own use, and did he later convert it to his own use."

3. Cohen v. United States, 9 Cir., 378 F.2d 751, 755, cert. denied, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967). The *Cohen* court pointed out that a natural-and-probable-consequences instruction may mislead the jury in at least three ways: "The jury may mistakenly believe that it is permissible to infer specific knowledge or intent solely from the doing of a particular act, without regard to the totality of the circumstances; or that the occurrence of the particular act shifts the burden of proof of knowledge or intent from the prosecution to the defense; or that the question is whether a reasonable man in similar circumstances would have had the requisite knowledge or intent, rather than whether the accused actually had it." *Ibid.* As the Second Circuit has pointed

also points out that, in the cases where the charge is criticized, the charge included the requirement that the defendant's acts be "knowingly done or knowingly omitted" before any inference of intention arises. The charge here does not even include this language.

In a specific intent case, a charge that a person ordinarily intends the natural and probable consequences of his acts may be misleading. Certainly if given, the charge should contain the crucial words "knowingly done or knowingly omitted," as indicated by the Criminal Jury Instructions for the District of Columbia.[4] Here these words did not accompany the charge, but no exception was taken thereto. Under the circumstances, and considering the charge as a whole,[5] we find no plain error.

■■ Finally, appellant urges trial court error in failing to instruct the jury that intoxication could negate the specific intent essential to a finding of guilt. In a proper case, such an instruction would be required, even without a request, where sufficient evidence of intoxication was adduced.[6] But here the only evidence of intoxication on the part of appellant related to the evening before the offense. The evidence does suggest that appellant at the time of the crime was suffering from a hangover. We know of no authority, however, which holds that such a condition precludes the possibility of specific intent.

Affirmed.

---

out, the instruction is not only misleading but also useless: "Despite its ancient vintage, * * * utterance of the quoted platitude serves no useful purpose, since insofar as the statement has logical validity the jury would know it anyhow * * *." United States v. Barash, 2 Cir., 365 F.2d 395, 402 (1966). *See also* United States v. Releford, 6 Cir., 352 F. 2d 36, 40 (1965), cert. denied, 382 U.S. 984, 86 S.Ct. 562, 15 L.Ed.2d 473 (1966); Mann v. United States, 5 Cir., 319 F.2d 404, 409 (1963), cert. denied, 375 U.S. 986, 84 S.Ct. 520, 11 L.Ed.2d 474 (1964); Chappell v. United States, 9 Cir., 270 F. 2d 274, 279–280 (1959). As a general rule, however, the cases have looked to the instructions as a whole to see whether other instructions may have sufficiently corrected the misimpression created by the improper one.

4. Instruction No. 43 of Criminal Jury Instructions for the District of Columbia (1966) reads:
"Intent ordinarily cannot be proved directly, because there is no way of fathoming and scrutinizing the operations of the human mind. But you may infer as to the defendant's intent from the surrounding circumstances. You may consider any statement made and act done or omitted by the defendant, and all other facts and circumstances in evidence which indicate his state of mind. You may infer that a person ordinarily intends the natural and probable consequences of acts knowingly done or knowingly omitted."

5. *See* Note 3, *supra*. The Government points out that the judge's instructions here included at least three references to the requirement of knowledge. That seems enough to correct any misimpression resulting from the natural-and-probable-consequences instruction. However, if the trial judge had not given the latter instruction, as he should not have done, there would have been no necessity for this court to examine the instructions as a whole on appeal.

6. Heideman v. United States, 104 U.S.App. D.C. 128, 131, 259 F.2d 943, 946 (1958), cert. denied, 359 U.S. 959, 79 S.Ct. 800, 3 L.Ed.2d 767 (1959). *See also* McDonald v. United States, 114 U.S.App.D.C. 120, 122, 312 F.2d 847, 849 (1962) (en banc); Tatum v. United States, 88 U.S.App.D.C. 386, 190 F.2d 612 (1951).