**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John W. VENDITTI,**
**Defendant-Appellant.**

No. 75–2578.

United States Court of Appeals,
Fifth Circuit.

June 18, 1976.

Rehearing and Rehearing En Banc
Denied Sept. 23, 1976.

Robert Shupack, North Miami Beach, Fla., Neal R. Sonnett, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Charles O. Farrar, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before AINSWORTH, MORGAN and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Defendant, the sole proprietor of a home repair business, was charged in a six count indictment with attempting to evade or defeat income tax liability for the 1968, 1969 and 1970 tax years in violation of 26 U.S.C.A. § 7201,[1] and for willfully making and subscribing false individual income tax returns for the same tax years in violation of 26 U.S.C.A. § 7206(1).[2] Following denial of

---

1. 26 U.S.C.A. § 7201:
   Attempt to evade or defeat tax

   Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

2. 26 U.S.C.A. § 7206:
   *Fraud and false statements*
   Any person who—
   *(1) Declaration under penalties of perjury.*
   —Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter;

   \*    \*    \*    \*    \*    \*

motions for judgment of acquittal made both at the conclusion of the Government's case and after all evidence, a jury found defendant guilty. He was sentenced to imprisonment for a term of six months, was fined $3,000 and was placed on probation for a two year period. On appeal Venditti asserts 14 points of error. Finding none to merit reversal, we affirm the conviction.

Essentially it has been the defense's consistent theory at trial and on appeal that defendant Venditti, who had only a tenth grade education and was unschooled and inexperienced in bookkeeping, relied totally on a part-time accountant and that the underreporting of income, which defendant does not deny, is blamed largely on the accountant's negligence, and partly on Venditti's hapless mismanagement of his affairs.

For many years the defendant was in partnership with a cousin, and later with his brother, in the home repair business. During this period of time he relied on his partners to handle all paperwork. In 1967 the partnership with his brother was dissolved and the defendant established his own business. One of his first undertakings was the hiring of Sal Esposito to work as his accountant on a part-time basis, at a salary of $35.00 per month.

Esposito prepared a monthly cash receipts journal, check disbursements journal, and bank reconciliation statements. Annually he summarized these records and also prepared a profit and loss statement. Esposito was also engaged to prepare defendant's income tax returns for 1968, 1969 and 1970.

IRS Tax Technician Lee initiated inquiry into Venditti's tax records. She first met with defendant for four hours on January 6, 1972. After analyzing his income and expenses by performing a "source and application" test, she determined that defendant's taxable income for 1970 was dramatically understated. She later investigated the 1968 and 1969 returns, determining similar underreporting of gross income. Suspecting tax fraud, Lee turned the investigation over to the Intelligence Division of the IRS, whose investigators first met with Venditti on April 5, 1972, and gave *Miranda* warnings at that time.

To escape the charge of willfulness required for both the § 7206(1) and the § 7201 violations, Venditti sought to place the blame on Esposito. The Government successfully resisted displacement of blame from Venditti to Esposito by pointing out that Venditti controlled all information made available to his recordkeeper who, by virtue of the very limited extent of his engagement, had no responsibility to audit and detect errors. For the three years in question the evidence shows that some 77 checks representing business income were deposited in personal accounts. Thirty-two were endorsed by Mrs. Venditti, perhaps some were accepted "for deposit only" without endorsement, but many were endorsed over by the defendant, who on occasion also filled out savings account deposit slips. These 77 checks total $62,488.66 in unreported income. The record also discloses that the defendant was acutely aware that "loans" from personal accounts deposited into business accounts should not be picked up by the accountant as income, the inference being that if defendant was knowledgeable about what is *not* taxable income, he possessed imputed knowledge of what *is* to be taxed.

This Court has held that where a defendant attributes underpayment of taxes to inefficient bookkeeping and a negligent accountant, the question of willfulness is not removed from jury consideration. *Mann v. United States,* 319 F.2d 404 (5th Cir. 1963); *Windisch v. United States,* 295 F.2d 531 (5th Cir. 1961); cf. *United States v. Tunnell,* 481 F.2d 149, 152 (5th Cir. 1973), cert. denied, 415 U.S. 948, 94 S.Ct. 1469, 39 L.Ed.2d 563 (1974) (consistent understatement of income coupled with evidence of inadequate records permits an inference of willfulness sufficient to create a jury question.) Other Circuits have reached a similar result. *See, e. g., United States v. Scher,*

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution.

**220**

476 F.2d 319 (7th Cir. 1973); *United States v. Dowell*, 446 F.2d 145 (10th Cir. 1971).

■ Viewed in the light most favorable to the Government and with proper inferences of willfulness, *United States v. Warner*, 441 F.2d 821, 825 (5th Cir. 1971), the evidence was sufficient to support a jury decision contrary to defendant's position. The case law is contrary to defendant's correlative argument that the trial court should have charged the jury that good faith reliance on one's accountant is a complete defense.

■ Two additional reasons defendant asserts for the granting of the motions for acquittal are insufficient. First, the Government's stipulation to defendant's general reputation in the community for honesty and veracity is not coextensive with a concession that defendant did not possess the necessary *mens rea.* Second, there was no material variance between Special Agent's Kunkler's testimony that certain checks should have been deposited in the construction account, when the indictment indicated that the monies should have gone into the home repair account. The critical point—that these monies were not reported as income—was unaffected by any confusion Agent Kunkler may have manifested during testimony.

■ Contrary to defendant's argument, the Government did not introduce circumstantial evidence of guilt in a specific items case by eliciting from Esposito the sales price of a duplex, or by questioning a second witness about the value of defendant's home. The questioning of Esposito was responsive to defense's theory that Esposito was unknowledgeable in failing to audit or ask questions about the source of increased savings account balances. The questioning of the second witness was designed to establish his relationship with the defendant. The trial court sustained objections and thereby cut off potential inflammatory testimony. The court adequately charged the jury to disregard any questions in this and other regards to which objections had been sustained.

■ The jury charges on specific intent and willfulness have been widely approved, adequately stated the law and were not in error. *See, e. g., United States v. Sacco*, 428 F.2d 264, 272 (9th Cir.), *cert. denied*, 400 U.S. 903, 91 S.Ct. 141, 27 L.Ed.2d 140 (1970); *United States v. Bessesen*, 445 F.2d 463, 468 (7th Cir. 1971); *United States v. Moore*, 140 U.S.App.D.C. 309, 435 F.2d 113, 115, *cert. denied*, 402 U.S. 906, 91 S.Ct. 1376, 28 L.Ed.2d 647 (1970). Similarly, a charge tracking the holding in *Spies v. United States*, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943), cannot be said to have constituted error.

■ Two attacks directed against the prosecution's closing argument fail to support reversal. The prosecutor did not improperly comment on defendant's silence at the time he discussed tax records with Esposito. The "silence" at issue was not occasioned as an exercise of the right to remain silent during custody, and the comment went to willful omissions in informing the accountant of tax records, not to actual silence. *Cf. United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975). Defendant's comment to Tax Technician Lee about being unable to sleep was not an admission of guilt and was open to the prosecutor's permissible suggestion of an adverse inference. *Taylor v. United States*, 279 F.2d 10, 12 (5th Cir. 1960).

■ Citing *United States v. Schechter*, 475 F.2d 1099 (5th Cir.), *cert. denied*, 414 U.S. 825, 94 S.Ct. 127, 38 L.Ed.2d 58 (1973), for the proposition that a substantial tax deficiency is necessary to sustain a 26 U.S.C.A. § 7201 charge, it is argued that the trial court erred by sustaining objections to expert testimony about errors committed by the tax preparer. Since the expert testified that these errors had minimal impact on taxable income, appeal on this issue is ill-founded. In light of this testimony and other evidence about undeclared deductions, the trial court properly exercised its discretion in not charging the jury that unclaimed deductions could reduce tax liability and thereby eliminate one element of the

crime. The substantiality of the underpayment of taxes is not at issue in this case.

■ Finally, defendant argues that statements made to Tax Technician Lee during the course of a noncustodial, noncoercive interview should have been suppressed. Subsequent to the filing of the appeal in this case, the Supreme Court has decided this issue adversely to the defendant's position. *Beckwith v. United States,* —— U.S. ——, 96 S.Ct. 1612, 48 L.Ed.2d 1, 44 U.S.L.W. 449 [1976].

Finding no argument brought on this appeal to merit reversal or retrial, the conviction is

AFFIRMED.