**Robert M. MUSE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19259.**

United States Court of Appeals
Eighth Circuit.

Dec. 18, 1968.

Certiorari Denied March 3, 1969.
See 89 S.Ct. 992.

---

John L. Boeger, St. Louis, Mo., for appellant; Morris A. Shenker and James F. Nangle, Jr., St. Louis, Mo., with him on the brief.

John M. Brant, Atty., Dept. of Justice, Washington, D. C., for appellee; Mitchell Rogovin, Asst. Atty. Gen., and Lee A. Jackson and Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C., and Veryl L. Riddle, U. S. Atty., St. Louis, Mo., and Irvin L. Ruzicka, Asst. U. S. Atty., with him on the brief.

Before VAN OOSTERHOUT, Chief Judge, and MEHAFFY and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The defendant was indicted in three counts for willfully attempting to evade income taxes by filing false and fraudulent individual income tax returns for the years 1960, 1961 and 1962 in violation of § 7201 of the Internal Revenue Code of 1954. He was found guilty on all counts and sentenced.

The question raised here is whether the District Court erred in refusing to exclude evidence obtained from the de-

---

fendant by Internal Revenue Service Agents. We hold it did not.

A Revenue Agent of the Internal Revenue Service began an investigation of the defendant's returns in early 1964. He had been investigating the returns of the defendant's brother. He met twice with the defendant before referring the case to the Intelligence Division on February 24, 1964. He told the defendant that the purpose of the investigation was to determine the defendant's correct tax liability.

On March 2, 1964, the Revenue Agent and the Special Agent met with the defendant in the Special Agent's office. The Special Agent introduced himself as a Special Agent and read the following warning:

> "Under the Constitution of the United States you have the right to refuse to answer questions or make any statement which may tend to incriminate you under the laws of the United States. Anything you say, any evidence you produce may be used against you in any proceeding which may hereafter be undertaken by the United States."

The defendant replied that he understood. Several additional visits were made between the March meeting and October 14, 1965. Incriminating statements and records were obtained at some of them. At the latter meeting, the Special Agent asked the defendant to sign a written statement. The defendant asked "what direction the investigation was going" and whether he needed a lawyer. The Special Agent replied that "it looked as if criminal prosecution would be recommended; that it was for the defendant to decide about retaining a lawyer and that the Internal Revenue Service Agents could not advise him one way or the other on the subject."

On October 28, 1965, the defendant signed a statement containing oral admissions made by him during the course of the several meetings. In substance, the defendant admitted that he knew that each return understated his income by "several thousand dollars" and that he had filed the incorrect returns to protect his brother against an examination.

No statements as to the purpose of the investigation, nor warnings other than those stated, were given to the defendant at any time during the investigation.

We are convinced here, as we were in Cohen v. United States, 8th Cir. Dec. 18, 1968, 405 F.2d 34, that the District Court did not err in receiving the defendant's oral and written statements in evidence. The defendant was not in custody and the statements were not obtained by misrepresentation, fraud or coercion, and were voluntarily given. The defendant's constitutional rights under the Fifth and Sixth Amendments were not violated.

Affirmed.