**UNITED STATES of America, Appellee,**

v.

**Douglas MacLEOD, Appellant.**

**No. 20106.**

United States Court of Appeals, Eighth Circuit.

Jan. 25, 1971.

Irl B. Baris, Leonard J. Frankel, Newmark & Baris, St. Louis, Mo., for appellant.

Daniel Bartlett, Jr., U. S. Atty., Kenneth R. Heineman, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT and BRIGHT, Circuit Judges, and NEVILLE, District Judge.

BRIGHT, Circuit Judge.

Appellant Douglas MacLeod, a St. Louis, Missouri, lawyer, failed to file federal income tax returns for the calendar years 1963, 1964 and 1965. A three-count indictment charged him with violation of 26 U.S.C. § 7203 in "willfully and knowingly" failing to make an income tax return to the Director of Internal Revenue or to any other proper officer of the United States in each of the years. Each count alleged defendant's receipt of substantial gross income ($35,133.56 in 1963; $12,821.92 in 1964; $18,143.53 in 1965). A jury found the defendant guilty on all counts. Judge Meredith sentenced him to the maximum penalty on the first count, imprisonment for one year plus a fine of $10,000.00, but granted him probation for five additional years under counts two and three. The probation terms require that MacLeod be gainfully employed and abstain from drinking.

In this appeal, MacLeod raises seven contentions running the gamut from attacks upon the constitutional validity of the pertinent federal statute to the legality of the procedures, pre-trial, trial and post-trial. We have considered each contention and find all wanting in merit. We briefly comment upon each.

**■■** Appellant argues that the evidence is insufficient to show guilty intent. The government, however, need not produce direct evidence of guilty intent. It can establish a willful violation of the federal statute by circumstantial evidence alone. Gennaro v. United States, 369 F.2d 106, 112 (8th Cir. 1966), vacated and remanded on other grounds, 390 U.S. 200, 88 S.Ct. 900, 19 L.Ed.2d 1036 (1968). In this case, evidence that the defendant conducted his

law business, paid expenses and collected fees, as well as other evidence, satisfied the government's burden of proof. *See* Lumetta v. United States, 362 F.2d 644, 646–647 (8th Cir. 1966).

■ Appellant admitted that he failed to file returns for the years in question and that his receipts exceeded $600.00 in each of the years. He claims the trial court erred in permitting the government to introduce detailed evidence bearing upon his total gross receipts for the years in question. Clearly, this detailed evidence bears upon the willfullness of defendant's act and, therefore, it is admissible. *Lumetta, supra*, 362 F.2d 645–646.

■ Appellant contends that he would have shown the prosecution to be politically motivated had the trial judge, at a pre-trial proceeding, not restricted questioning of an IRS agent about the defendant's political background. Obviously, an accused's political background is immaterial to his failure to file tax returns. Appellant offers no evidence which even tends to suggest a "bad faith" prosecution. We deem this issue to be frivolous and to require no further comment.

■ Appellant contends that the IRS agent should have given him *Miranda* warnings in telephone conversations prior to their face-to-face meeting. Firstly, MacLeod furnished no information to the IRS agent at these conversations. Secondly, our prior decisions make it clear that *Miranda*[1] is inapplicable to non-custodial interrogations. United States v. Brevik, 422 F.2d 449, 450 (8th Cir.), cert. denied, 398 U.S. 943, 90 S.Ct. 1861, 26 L.Ed.2d 279 (1970); Muse v. United States, 405 F.2d 40, 41 (8th Cir. 1968), cert. denied, 393 U.S. 1117, 89 S.Ct. 992, 22 L.Ed.2d 122 (1969); Cohen v. United States, 405 F.2d 34, 35–40 (8th Cir. 1968), cert. denied, 394 U.S. 943, 89 S.Ct. 1274, 22 L.Ed.2d 478 (1969).

■■ The trial judge, in his instructions, defined the terms "willfully" and "knowingly" to the jury in the context of the indictment which charged that defendant "did willfully and knowingly fail to make said income tax return[s]." Appellant argues that the instructions gave an erroneous standard of guilt to the jury. Although the statute speaks only in terms of "willful" failure to make a return, we perceive no prejudice to appellant by including the additional element of "knowingly". *See* Jaben v. United States, 349 F.2d 913, 915 (8th Cir. 1965). Nor do we perceive any error in defining the term "willful" as requiring a voluntary and intentional omission as distinguished from a careless, thoughtless, heedless, inadvertent or negligent act, and as requiring a "bad purpose either to disobey or disregard the law." We have reviewed the instructions and find them fair and appropriate.

■ Appellant argues that the trial court should have made the pre-sentence report available to the defendant prior to sentencing. Appellant recognizes that Rule 32, Fed.R.Crim.P., specially grants the trial court discretion to disclose all or part of the pre-sentence investigation material to the defendant or his counsel. United States v. Gross, 416 F.2d 1205, 1214 (8th Cir. 1969), cert. denied, 397 U.S. 1013, 90 S.Ct. 1245, 25 L.Ed.2d 427 (1970). Appellant demonstrates no abuse of discretion in this case.

■ Appellant urges us to find the pertinent federal statute, upon its face and as applied in this case, violative of the Fourth, Fifth, Eighth, Tenth and Thirteenth Amendments. Appellant cites no authority to support his Fourth Amendment unlawful search and seizure contention. He contends that the language of 26 U.S.C. § 7203 which requires a taxpayer to supply information to the government, when considered in conjunction with an IRS agent's power to summon materials (*see* 26 U.S.C. § 7602), may compel a taxpayer to subject

---

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

himself to an unlawful search and seizure. We recognize that an IRS agent does not have authority under 26 U.S.C. § 7602 to make an unlawful search and seizure. Wild v. United States, 362 F.2d 206, 209 (9th Cir. 1966). *See* United States v. Giordano, 419 F.2d 564, 568–569 (8th Cir. 1969), cert. denied, 397 U. S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970). The defendant made no disclosure of any records in response to legal process. His disclosure otherwise must be deemed voluntary.

Appellant's Fifth Amendment challenge, resting on double jeopardy, self-incrimination and deprivation of due process, is, likewise, inadequately supported by case authority. The mere fact that 26 U.S.C. § 7203 encompasses willful failure to pay a tax, willful failure to file a tax return, willful failure to keep records, and willful failure to supply information would not necessarily subject a person to double jeopardy. *See* Clemas v. United States, 423 F.2d 461, 462–463 (8th Cir. 1970). The statutory requirement to file an income tax return does not violate a taxpayer's right against self-incrimination. United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). We find nothing vague about the statutory language requiring each taxpayer to pay a tax, file a return, keep records, and supply information when required by law.

The facts in this case demonstrate no violation of the Eighth Amendment prohibition against inflicting cruel and unusual punishment. We do not characterize the maximum statutory penalty of one-year imprisonment, plus a $10,000.00 fine, as cruel and unusual. In this case, the defendant's cumulative penalty on the three counts is less than the maximum that could have been assessed. We do not find this so greatly disproportionate to the offense as to be shocking to the sense of justice. *See* Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910); Kasper v. Brittain, 245 F.2d 92, 96 (6th Cir.), cert. denied, 355 U.S. 834, 78 S.Ct. 54, 2 L.Ed.2d 46 (1957).

We have also examined appellant's contentions that § 7203 offends against the Tenth and Thirteenth Amendments. Again, appellant cites no authority, and we find none.

While we have carefully examined all of appellant's contentions, it should be apparent that we deem several to be frivolous. The increasing federal case load places heavy demands upon the time of the federal appellate judges. Counsel who raise abstract issues on appeal, which are neither documented by the facts in the case nor supported by legal authority, serve ill the interests of their client, the courts and the public.

Affirmed.