**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Edward John PISTANTE, Defendant-Appellant.**

**No. 71-2502.**

United States Court of Appeals, Ninth Circuit.

Dec. 27, 1971.

James F. Hewitt, Federal Public Defender, J. Frank McCabe, Asst. Public Defender, San Francisco, Cal., for defendant-appellant.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, Asst. U. S. Atty. and Chief, Crim. Div., Janet Aitken, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before MERRILL, BROWNING and CHOY, Circuit Judges.

PER CURIAM:

Edward J. Pistante appeals his conviction by a jury of theft from an interstate shipment in violation of 18 U.S.C. § 659. He contends that the District Court erred in refusing to exclude evidence in the Government's case-in-chief of prior inconsistent exculpatory statements made by him before trial. At one point he maintained that he had discovered the stolen stereo by accident; at another, Pistante claimed to be an informer working to prevent theft. Pistante concedes that these statements were properly admissible to impeach him if he had taken the stand in his own behalf, but he argues that they were inadmissible for any other purpose.

The cases on which Pistante relies hold that prior inconsistent statements by a *non-party witness* are admissible only to impeach the witness' credibility. Pistante was not a witness; he was a party-defendant. As such, any hearsay statements made by him could

---

be used against him as an admission by a party, and proven either by cross-examination or by extrinsic evidence. Asher v. United States, 394 F.2d 424, 429 (9th Cir. 1968). False exculpatory statements by a party may be used not only to impeach, but also to prove consciousness of guilt and unlawful intent. Williamson v. United States, 310 F.2d 192, 199 (9th Cir. 1962). *See* DeVore v. United States, 368 F.2d 396, 397 (9th Cir. 1966); 2 Wigmore on Evidence § 278(2) (3rd ed. 1940).

Affirmed.