**UNITED STATES of America, Appellee,**

v.

**Berentje C. M. POHLMAN, Appellant.**

**No. 74–1759.**

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1975.

Decided Aug. 27, 1975.

Certiorari Denied Jan. 12, 1976.

See 96 S.Ct. 776.

Berentje C. M. Pohlman, pro se.

Harold O. Bullis, U. S. Atty., Fargo, N. D., filed brief for appellee.

Before GIBSON, Chief Judge, and LAY, HEANEY, BRIGHT, ROSS, STEPHENSON, WEBSTER and HENLEY, Circuit Judges, en banc.

GIBSON, Chief Judge.

Defendant Berentje C. M. Pohlman was convicted by a jury of willfully failing to file her tax returns for 1968, 1969 and 1970 in violation of 26 U.S.C. § 7203 (1970). On appeal a panel of this court found that the jury had not been properly instructed on the issue of willfulness and reversed her conviction. Thereafter a majority of the judges in active service on this court voted to rehear the case *en banc*, which action vacated the panel opinion. After full consideration by the court *en banc*, we find none of the issues raised by appellant merit reversal and affirm the conviction.

Pohlman, a practicing attorney in Enderlin, North Dakota, according to her testimony at trial had prepared thousands of tax returns and was fully aware of the Internal Revenue Code provisions requiring the filing of tax returns. She, however, did not file her personal returns for the years in question until October, 1972, after a visit by an IRS field auditor. The reasons given at trial were that she was involved in her positions as

City Attorney and Mayor of Enderlin in 1969 and 1970 and had some personal problems so that she did not realize until after the filing deadlines that she had income sufficient to require filing. The returns introduced into evidence at trial indicated that in 1968 she had a gross income from her profession of $22,785 and a taxable income of $7,988; for 1969 she had a gross income of $18,452 and taxable income of $3,269; and for 1970 a gross income of $28,896 and $8,278 taxable income.

■■■ Error is asserted in the trial court's refusal to give Pohlman's requested instruction on willfulness.[1] The following instruction, substantially identical to that in 2 E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions* § 52.31 (1970), was given over Pohlman's specific objection:

> The specific intent of willfulness is an essential element of the crime of failure to file an income tax return. The word "willfully" used in connection with this offense means deliberately, and intentionally, and without justifiable excuse, or with the wrongful purpose of deliberately intending not to file a return which defendant knew she should have filed, in order to prevent the Government from knowing the extent of, and knowing the facts material to, the determination of her tax liability.

> Defendant's conduct is not "willful" if she acted through negligence, inadvertence, or mistake, or due to her good faith misunderstanding of the requirements of the law. It should be pointed out, however, that disagreement with the law is not a defense. It is the duty of all citizens to obey the law whether they agree with it or not.

The panel decision, in agreeing with Pohlman that the trial court's charge did not adequately describe the concept of willfulness, would require the Government to prove not only that the act was done deliberately, intentionally and without justifiable excuse, but additionally that the defendant had a state of mind which manifested a bad purpose or evil motive to violate the law. It thus would allow a defendant to argue that his motive in refusing to file was good, *i. e.,* it was his manner of protest against wasteful governmental expenditures, expenditures that go for inappropriate or evil purposes, or the higher taxation of single taxpayers as was an issue in the present case. We do not think this additional burden is required.

It is undisputed that the words "evil motive or bad purpose" have been used to convey the concept of willfulness embodied in § 7203. *United States v. Bishop,* 412 U.S. 346, 360, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973); *United States v. Murdock,* 290 U.S. 389, 398, 54 S.Ct. 223, 78 L.Ed. 381 (1933); *United States v. McCorkle,* 511 F.2d 482, 485 (7th Cir. 1975) (*en banc*), *petition for cert. filed,* 17 Cr.L.Rep. 4082 (U.S. May 1, 1975) (No. 74–1371). The Supreme Court in *Murdock v. United States, supra,* 290 U.S. at 397–98, 54 S.Ct. at 226, did state that:

> The respondent's refusal to answer was intentional and without legal justification, but the jury might nevertheless find that it was not prompted by bad faith or evil intent, which the statute makes an element of the offense.

Additionally, in *Bishop v. United States,* 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973), the Court stated that it would "continue to require, in both tax felonies and tax misdemeanors that must be done 'wilfully,' the bad purpose or evil motive described in *Murdock, supra.*"

1. Defendant's requested instruction read:

2. Willfulness is an essential element of the crime of which defendant is charged in the indictment. An act is done "willfully" if done purposely with the specific intent to disregard the law, or to do that which the law forbids, and further means an act done

with a bad purpose, the existence of specific wrongful intent, and evil motive at the time the crime charged was committed; mere laxity, careless disregard of duty imposed by law, or even gross negligence, unattended by "evil motive," is not probative of willfulness.

We do not read this, however, to indicate that the Court was engrafting onto the statute a requirement that the Government prove anything beyond establishing that defendant's action was deliberate, intentional and without justifiable excuse, or otherwise stated, a voluntary, intentional violation of a known legal duty.[2] In the same discussion in *Bishop*, the latest Supreme Court case in this area, the Court stated:

> The Court, in fact, has recognized that the word "willfully" in these statutes generally connotes a voluntary, intentional violation of a known legal duty. It has formulated the requirement of willfulness as "bad faith or evil intent," *Murdock*, 290 U.S., at 398 [54 S.Ct. at 226], or "evil motive and want of justification in view of all the financial circumstances of the taxpayer," *Spies* [*Spies v. United States*], 317 U.S. [492] at 498 [63 S.Ct. 364, 87 L.Ed. 418], or knowledge that the taxpayer "should have reported more income than he did." *Sansone* [*Sansone v. United States*], 380 U.S. [343] at 353 [85 S.Ct. 1004, at 1011, 13 L.Ed.2d 882].

*Bishop v. United States, supra* at 360, 93 S.Ct. at 2017.

Thus, rather than indicating that "bad purpose or evil motive" is a requirement to be proved in addition to the voluntary, intentional violation of a known legal duty, the Court's statement indicates that "bad purpose or evil motive" is merely another way to convey the concept of willfulness. *See United States v. McCorkle*, 511 F.2d 482 (7th Cir. 1975) (*en banc*).[3]

Cases decided both before and after *Bishop* have been in agreement that "willfully" as used in § 7203 requires only that the Government prove a voluntary, intentional violation of a known legal duty. *United States v. McCorkle*, 511 F.2d 482 (7th Cir. 1975) (*en banc*); *United States v. Bengimina*, 499 F.2d 117 (8th Cir. 1974); *United States v. Hawk*, 497 F.2d 365 (9th Cir.), *cert. denied*, 419 U.S. 838, 95 S.Ct. 67, 42

**2.** The claim that the trial court's instruction does not adequately define willfulness is premised on the use of "without justifiable excuse" when the Supreme Court indicated in *Murdock* that it was not enough for the Government to prove that an action was "without legal justification." We believe that these two concepts are different and that "without justifiable excuse" includes the concept intended by the Court's "bad purpose" or "evil motive" language. An act might well be without legal justification (*i. e.*, the refusal to disclose sources of income in reliance on a nonexistent Fifth Amendment privilege, as in *Murdock*) but could be done with justifiable excuse (*i. e.*, a good-faith reliance on the Fifth Amendment privilege, as in *Murdock*). We think the Supreme Court was concerned in *Murdock* that the Government have to prove that an act was done without justifiable excuse, that is, with a bad purpose or evil motive, and could not rely upon showing the lack of a legal justification to establish willfulness.

However, it must be recognized that clarity and unambiguity are the hallmarks of a good jury instruction. In light of the similarity in language between the two concepts discussed above we think it would be preferable that future instructions on willfulness not embody the language of "without justifiable excuse." We would suggest that the first paragraph of the instruction given by the trial court herein be modified to provide that:

> Willfulness is an essential element of the crime of failure to file an income tax return. The word "willfully" used in connection with this offense means a voluntary, intentional violation of a known legal duty, or otherwise stated, with the wrongful purpose of deliberately intending not to file a return which defendant knew she should have filed, in order to prevent the Government from knowing the extent of, and knowing the facts material to, the determination of her tax liability.

**3.** The court stated therein:

> Contrary to the defendant's contentions, we believe that the Court employed the terms "bad purpose" and "evil motive" as a convenient method of referring to the longer definition of "willfully" as a "voluntary, intentional violation of a known legal duty," and not as engrafting an intent to defraud requirement or other similar evil purpose on that definition.

*United States v. McCorkle*, 511 F.2d 482, 485 (7th Cir. 1975) (*en banc*); *accord, United States v. Hawk*, 497 F.2d 365, 368 (9th Cir.), *cert denied*, 419 U.S. 838, 95 S.Ct. 67, 42 L.Ed.2d 65 (1974).

L.Ed.2d 65 (1974); *United States v. Klee,* 494 F.2d 394 (9th Cir.), *cert. denied,* 419 U.S. 835, 95 S.Ct. 62, 42 L.Ed.2d 61 (1974); *United States v. Matosky,* 421 F.2d 410 (7th Cir.), *cert. denied,* 398 U.S. 904, 90 S.Ct. 1691, 26 L.Ed.2d 62 (1970); *cf. Boardman v. United States,* 419 F.2d 110 (1st Cir. 1969), *cert. denied,* 397 U.S. 991, 90 S.Ct. 1124, 25 L.Ed.2d 398 (1970).

The trial court's instruction on willfulness in this case fairly and adequately charged the jury as to what the Government had to establish to support a conviction. There was clearly sufficient evidence for the jury to find that Pohlman's failure to file was a voluntary, intentional violation of a known legal duty.

■■■ In addition to the alleged error in instructions, the appellant contends that the court erred in the admission into evidence of conversations with Internal Revenue agents, receiving into evidence photocopies of her 1968, 1969 and 1970 returns, and use of hearsay evidence in the cross-examination of appellant.

Agent Engelmann testified to conversations occurring in Pohlman's office on or about October 3, 1972, without informing her of her constitutional right to remain silent. In that conversation she admitted to not having filed the returns. Noncustodial investigation of this type does not require a *Miranda* warning. *United States v. MacLeod,* 436 F.2d 947, 950 (8th Cir.), *cert. denied,* 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647 (1971); *United States v. Brevik,* 422 F.2d 449, 450 (8th Cir.), *cert. denied,* 398 U.S. 943, 90 S.Ct. 1861, 26 L.Ed.2d 279 (1970); *Muse v. United States,* 405 F.2d 40, 41 (8th Cir. 1968), *cert. denied,* 393 U.S. 1117, 89 S.Ct. 992, 22 L.Ed.2d 122 (1969); *Cohen v. United States,* 405 F.2d 34, 35–40 (8th Cir. 1968), *cert denied,* 394 U.S. 943, 89 S.Ct. 1274, 22 L.Ed.2d 478 (1969).

The appellant's objection to admission of photocopies of her 1968, 1969 and 1970 returns is not well taken. Mr. Engelmann, the IRS Field Audit Agent, testified that these photocopies were the returns which Pohlman signed in his presence October 11, 1972. Although Pohlman had contended that they were merely photocopies of returns she had previously filed, the record establishes that they were adequately identified as being the original returns filed with Engelmann October 11, 1972.

The questioning of Pohlman concerning her prior statements to Internal Revenue agents as to her failure to file returns was not error. The questioning sought testimony as to Pohlman's prior inconsistent statements. As Pohlman was a party-defendant, her hearsay statements could properly be used against her as admissions. *United States v. Pistante,* 453 F.2d 412 (9th Cir. 1971). *See generally McCormick on Evidence* ¶ 239 (1954).

The judgment of conviction is affirmed.

LAY, HEANEY and BRIGHT, Circuit Judges (dissenting).

We respectfully dissent. The defendant is entitled to a new trial based on the trial court's erroneous instruction.

We sense there exists no fundamental disagreement between the majority and dissenting views herein on *the law* governing the definition of willfulness under § 7203. At issue here is the adequacy of the district court's *instructions*; in other words whether the district court properly conveyed to the jury the necessary elements of the offense under § 7203. The majority concedes lack of clarity in the district court's instruction and suggests modification of the instruction. However, in doing so, it finds no prejudicial error.

In view of the Supreme Court opinion in *United States v. Bishop,* 412 U.S. 346, 93 S.Ct. 2608, 36 L.Ed.2d 941 (1973), there should exist no major dispute as to what the term willful means under § 7203. *Bishop* emphasized that an essential element of willfulness is a specific intent to evade the law. The Supreme Court in *Bishop* observed:

The Court's consistent interpretation of the word "willfully" to require an element of *mens rea* implements the

pervasive intent of Congress to construct penalties that separate the purposeful tax violator from the well-meaning, but easily confused, mass of taxpayers.

*Id.* at 361, 93 S.Ct. at 2017.

This court in *United States v. Bengimina*, 499 F.2d 117 (8th Cir. 1974), recognized that the term willful is consistent with the rule in *Bishop*. Judge Gibson in announcing the court's decision at that time wrote:

This requirement of willfulness has been formulated as:

"*[B]ad faith or evil intent,*" *Murdock*, 290 U.S. at 398 [54 S.Ct. at 226], or "evil motive *and* want of justification in view of all the financial circumstances of the taxpayer," *Spies*, 317 U.S. at 498 [63 S.Ct. at 364], or knowledge that the taxpayer "should have reported more income than he did." *Sansone*, 380 U.S., at 353 [85 S.Ct. at 1011].

*Id.* at 119 (emphasis added).

Our earlier panel opinion recognized that it is not essential to include the terms "bad purpose or evil motive" in the definition of willfulness as long as the trial court makes clear that willfulness is a "voluntary, intentional violation of a known legal duty." The panel also recognized that the decisions of *United States v. Hawk*, 497 F.2d 365 (9th Cir.), *cert. denied*, 419 U.S. 838, 95 S.Ct. 67, 42 L.Ed.2d 65 (1974), *United States v. Klee*, 494 F.2d 394 (9th Cir.) *cert. denied*, 419 U.S. 835, 95 S.Ct. 62, 42 L.Ed.2d 61 (1974) and *United States v. McCorkle*, 511 F.2d 482 (7th Cir. 1975) (en banc), *petition for cert. filed*, 17 Cr.L. 4082 (U.S. May 1, 1975) (No. 74–1371) all hold that the statute does not require proof of intent to defraud.

The trial court instructed the jury that the defendant could be convicted if she intended not to file a return when she knew she should file. However the court *also* instructed the jury that the defendant could be guilty under § 7203 if she simply failed to file "deliberately, intentionally and without justifiable excuse." [1] If we correctly understand the reasoning of the majority opinion it is urged that "without justifiable excuse" supplies the missing element of *mens rea*, that is the bad purpose and evil motive not to comply with a known legal duty. The majority reasons that in the future it would be better to abandon the phrase "without justifiable excuse" and instruct specifically that there must be a voluntary and intentional violation of a known legal duty.[2] We agree as to the

---

1. In setting this meaning of willfulness off from the rest of the instruction the trial court uses the disjunctive "or."

2. We fail to understand why the language of the majority opinion strains so hard to avoid use of the very language the Supreme Court approved in *Murdock* and *Bishop*. "Bad purpose and evil motive to disobey the law" is clearly an element of the offense and are words easily phrased and understood. A much preferred instruction to the abbreviated version suggested by the majority is approved by the 9th Circuit in *United States v. Klee,* supra. The instruction reads:

"The term willfully used in the statute which I have read to you, that is, referring to one who willfully fails to make such a return, means voluntary, purposeful, deliberate and intentionally, [sic] as distinguished from accidental, inadvertent, or negligent.

Mere negligence, even gross negligence, is not sufficient to constitute willfulness under the criminal law.

The failure to make a timely return is willful if the defendant's failure to act was voluntary and purposeful, and with the specific intent to fail to do what he knew the law requires to be done; that is to say, with a bad purpose or evil motive to disobey or disregard the law which requires to (sic) file a timely return which discloses to the government facts material to the determination of his tax liability.

There is no necessity that the government prove that the defendant had an intention to defraud it, or to evade the payment of any taxes, for the defendant's failure to file to be willful under this provision of the law.

On the other hand, the defendant's conduct is not willful if you find that he failed to file a return because of negligence, in advertence, accident or reckless disregard for the requirements of the law, or due to his good faith misunderstanding of the requirements of the law."

494 F.2d at 395 n. 1.

need for new phraseology, but we respectfully submit the ambiguity resulting from the district court's instruction failed to clearly set forth the necessary requirement of *mens rea* and resulted in prejudicial error to the defendant.

The majority reasons that the term "without justifiable excuse" is simply another way of saying that the jury must find a wrongful purpose to disobey the law. In so doing, the majority distinguishes between "without justifiable excuse" and "without legal justification," asserting that the former is a subjective standard and includes the necessary element of *mens rea* : bad purpose and evil intent. While distinguishing this from the objective standard of "without legal justification" is instructive at this point, no such distinction was drawn for the jury and they may have confused the two standards.[3]

Herein lies the prejudice. The jury could have believed the reason Ms. Pohlman gave for failing to file, a reason which negates *mens rea*, and yet have found her guilty. Their verdict could have resulted from a belief that, although the defendant's excuse was the reason, it was not justifiable under the law. The statute plainly requires more. The jury must find that her failure to file arose from a bad motive and evil

intent not to file a timely return, fully aware of her obligation to do otherwise.[4]

In *United States v. McCorkle, supra,* the defendant urged that the trial court failed to instruct that the defendant could not be convicted of willfulness under § 7203 if he possessed a "justifiable excuse." The 7th Circuit disagreed by saying:

Since the instructions required the jury to find an intentional violation of a known legal duty, it would have been essential for the jury to conclude that McCorkle's conduct was unjustified.

511 F.2d at 486.

However, in this case it was not implicit in the jury's findings that the defendant's reason was unjustifiable that it was also an intentional violation of a known legal duty. An unjustifiable excuse for failure to file does not necessarily inform a layman that it must necessarily be an intentional violation of the law and thus the instruction was deficient.

In *United States v. Achtenberg,* 459 F.2d 91 (8th Cir.) *cert. denied,* 409 U.S. 932, 93 S.Ct. 229, 34 L.Ed.2d 187 (1972) this court emphasized that prejudicial error occurs when the jury is not clearly informed as to the elements of an offense. Our court stated:

"Obviously, if the jury is to function effectively, it must be given a clear

Devitt and Blackmar have recently recommended use of the 9th Circuit instruction. *See* E. Devitt and C. Blackmar, *Federal Jury Practice and Instructions* § 52.31 (Supp.1975).

**3.** The term "without justifiable excuse" encompasses at least the term "without legal justification." Even if it also encompasses the requisite bad purpose and evil motive, as the majority argues, there is no way of knowing whether the jury found the bad purpose required by *Murdock* and *Bishop.*

**4.** The second paragraph of the challenged instruction does not cure the deficiency created by the ambiguity of the term "without justifiable excuse." It is true that the defendant's conduct is not "willful" under the statute, "if she acted through negligence, inadvertence, or mistake, or due to her good faith misunderstanding of the requirements of the law." However, these criteria are stated as defenses,

and do not specifically define the government's burden to show that the defendant must have possessed a wrongful purpose in failing to file. It is imperative for the instruction to clearly convey that the government must bear the burden of proving beyond a reasonable doubt that the defendant had the requisite bad purpose and evil motive to evade the law's requirements. Thus, the second paragraph of the instruction is insufficient to cure the ambiguity of the preceding paragraph.

The first paragraph could have been cured by replacing the "or" with "and." If this were done, the jury would have had to find that the offense was done "deliberately, and intentionally, and without justifiable excuse," (even if considered to mean without legal justification) *and* "with the wrongful purpose of deliberately intending not to file a return which defendant knew she should have filed . . . ." This would have clearly set out the requirement of bad purpose and evil motive.

statement of each element which the Government must prove. The elements, as expressed in the statute, are hardly set forth with sufficient clarity to permit the jury to perform its duty intelligently. . . ."

*Id.* at 97, quoting from *Jackson v. United States*, 121 U.S.App.D.C. 160, 348 F.2d 772, 774 (1965).

It is axiomatic where the instruction is equivocal in a criminal trial the defendant must be given the benefit of doubt as to existing prejudice. *See Bollenbach v. United States*, 326 U.S. 607, 613, 66 S.Ct. 402, 90 L.Ed. 350 (1946).

Here the jury was given the alternative of convicting if they found the defendant possessed a wrongful purpose to disobey the law or even if she did not, as long as they found there did not exist a justifiable excuse for her failure to file. This was clear error and Ms. Pohlman is entitled to a new trial.