BERENTJE C. M. POHLMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pohlman v. Commissioner
Docket No. 1651-77.
United States Tax Court
T.C. Memo 1978-164; 1978 Tax Ct. Memo LEXIS 352; 37 T.C.M. (CCH) 718; T.C.M. (RIA) 780164; May 1, 1978, Filed Berentje C. M. Pohlman, pro se. Chris Ray and Gerald W. Leland, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion for Judgment on the Pleadings filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: Respondent has determined deficiencies in petitioner's Federal income tax and additions to tax as follows: *354 Additions to Tax
under Year
Deficiency
Section 6653(b) [2]
1968 $
$ 784.23
1969
654.34
538.76
1970
502.01
1,196.54
The procedural sequence of events resulting in the instant case began with the mailing of the notice of deficiency to petitioner on November 26, 1976. On February 23, 1977, petitioner timely filed her Petition with this Court, in response to which respondent timely filed his Answer on April 12, 1977. In that Answer, respondent, inter alia, made affirmative allegations of fact in support of the determined deficiencies and the asserted additions to tax under section 6653(b). Petitioner failed to file a Reply to respondent's Answer within the time period specified by Rule 37(a), Tax Court Rules of Practice and Procedure. Accordingly, on July 5, 1977, respondent timely filed with this Court a motion under Rule 37(c) for an order that the undenied allegations of his Answer be deemed admitted. On July 6, 1977, we served upon petitioner a copy of respondent's motion and a notice with respect thereto in which petitioner was informed that *355 if she filed a proper Reply by July 21, 1977, respondent's motion would be denied but that, if no Reply were filed by that date, we would act at our discretion on such motion at a hearing scheduled for August 3, 1977. On August 3, 1977, petitioner filed an objection to respondent's motion. That document, which was intended to be filed in lieu of personal appearance, was before the Court for consideration at the hearing and it is stated therein, in part, as follows: A timely reply to the Commissioner's answer has not been filed in this matter by reason of petitioner's obligation to first take care of the matters pending in her office for her clients. A reply to said answer need not be formal in that this petitioner denies each and every allegation of said answer and alleges that the evidence in the case of this petitioner reveals but one issue, and that is, this petitioner has been the victim of selective prosecution. Respondent advised at the hearing that respondent had mailed a letter to petitioner dated June 14, 1977, concerning the unfiled Reply in which she was advised that it was respondent's belief that the Court would accept a Reply if filed which would obviate the *356 necessity of respondent's filing a motion under Rule 37(c). Noting in the record that petitioner was an attorney and that she had not filed a Reply in accord with the Court's Rules of Practice and Procedure, we granted respondent's motion under Rule 37(c) and, on August 3, 1977, we issued an Order stating that the undenied allegations of facts set forth in paragraph 7 and subparagraphs thereunder of the Answer were deemed to be admitted. On January 31, 1978, respondent filed a Motion for Judgment on the Pleadings and a Memorandum of Law in support thereof. On February 2, 1978, we served both of those documents upon petitioner together with a notice advising that respondent's Motion was calendared for hearing on March 22, 1978. At the hearing on March 22, 1978, counsel for respondent presented argument. No appearance was made by or on behalf of petitioner. She filed no reponse to respondent's Motion and Memorandum of Law. At the conclusion of the hearing we granted respondent's Motion for Judgment on the Pleadings. The following findings of fact are based upon those portions of petitioner's Petition admitted by respondent and the undenied factual allegations contained *357 in respondent's Answer deemed to be admitted pursuant to this Court's Order dated August 3, 1977. FINDINGS OF FACT Petitioner resided in Enderlin, North Dakota, at the time her Petition herein was filed. Her Federal income tax returns for the years 1968, 1969, and 1970 were filed with the District Director for the Internal Revenue District of North Dakota on October 11, 1972. Petitioner is a practicing attorney and tax practitioner in Enderlin, North Dakota. She graduated from the University of North Dakota Law School in 1950 and worked as a law clerk in the office of Attorney Robert Speeter, Minneapolis, Minnesota, from 1951 to 1954. After terminating her employment with Mr. Speeter she opened her own office and commenced the practice of law in Enderlin, North Dakota. During 1968, 1969, and 1970 petitioner was engaged in the practice of law, sold real estate, and prepared income tax returns for others for a fee. From April 16, 1968, to the middle of April 1970, she was employed by the City of Enderlin as city attorney. Thereafter, from April 1970 to January 1973 she served that city as its Mayor. Prior to 1968 petitioner prepared each year approximately 200 to 250 *358 Federal income tax returns for fees. During 1968, 1969, and 1970 she prepared each year approximately 75 Federal income tax returns for fees. Except for a cash disbursement journal maintained for 1968, petitioner did not maintain any books of her income and expenses. Petitioner failed to file Federal income tax returns for the years at issue until after she had been contacted by a representative of the Internal Revenue Service in October 1972. The delinquent Federal income tax returns filed for the years involved herein on October 11, 1972, report the following income and expenses: 1968
1969
1970
Wages
$ 375.00
$ 600.00
$ 233.50
Gross Receipts - Business
22,785.75
18,452.16
28,896.68
Business Expenses
15,172.52
15,782.54
18,159.15
On the delinquent Federal income tax returns referred to above, petitioner elected the standard deduction. For the years 1968, 1969, and 1970 petitioner received the following income and incurred the following business expenses: 1968
1969
1970
Wages
$ 375.00
$ 600.00
$ 233.50
Gross Receipts - Business
22,515.25
19,094.76
23,790.77
Business Expenses
14,528.49
13,760.71
18,159.15
Itemized Deductions
1,134.98
1,345.86
1,078.92
*359 The income taxes due and payable from petitioner for the years 1968, 1969, and 1970 are in the respective amounts of $1,539.01, $1,077.54, and $2,393.09. Petitioner's delinquent returns for the years 1968, 1969, and 1970 were filed without remittance of tax due and showed income tax liabilities in the respective amounts of $1,595.00, $423.20, and $1,891.08. Petitioner was indicted for the willful failure to file income tax returns in violation of section 7203 for the years 1968, 1969, and 1970. The indictment stated that petitioner had received gross income in 1968, 1969, and 1970 in the respective amounts of $22,890.25, $19,694.76, and $28,948.77. After a jury trial in the U.S. District Court for the Judicial District of North Dakota, petitioner, on September 17, 1974, was convicted of willfully failing to file Federal income tax returns for the years 1968, 1969, and 1970. Petitioner's appeal failed. United States v. Pohlman,522 F. 2d 974 (8th Cir. 1975), cert. denied 423 U.S. 1049 (1976). The petitioner herein is the same person who was the defendant in the above-cited case, and the respondent herein is a party in privity with the United *360 States of America, the prosecuting party in that criminal case. Among the issues of fact prsented, litigated, and determined in the above-cited criminal case was whether petitioner willfully failed to file returns for 1968, 1969, and 1970. As a defendant in that case, petitioner presented evidence and argument bearing on that issue. A finding of fact that petitioner's failure to file for those years was willful was essential to support the jury verdict rendered and the judgment of conviction entered in that case. During the years involved herein petitioner knew she was required to file income tax returns on or before April 15 of the year following the end of each tax year and she willfully failed to do so. OPINION
At the outset, we feel constrained to comment briefly on petitioner's failure to file a Reply. Our recital of the procedural developments in this case demonstrates that petitioner was given ample opportunity with respect to filing a Reply. Respondent's Answer was served upon her on April 13, 1977, and her Reply was due to be filed on or before May 28, 1977, which was a Saturday, thus, extending the time to May 31, 1977 (May 30, 1977, being a holiday). No *361 Reply was filed, respondent filed a Motion under Rule 37(c), and the Court thereafter issued a notice to petitioner giving her until July 21, 1977, in which to file her Reply. No Reply was filed. While petitioner, in her objection filed on August 3, 1977, stated that she denied each and every allegation of the Answer, that document could not be deemed to be a proper Reply for it purports to deny allegations in the Petition which respondent has admitted in his Answer. It simply does not comply in any respect with the Court's Rules for the filing of a Reply. Rule 37(b) specifically provides: In response to each material allegation in the answer and the facts in support thereof on which the Commissioner has the burden of proof, the reply shall contain a specific admission or denial; however, if the petitioner shall be without knowledge or information sufficient to form a belief as to the truth of an allegation, he shall so state, and such statement shall have the effect of a denial. In addition, the reply shall contain a clear and concise statement of every ground, together with the facts *362 in support thereof, on which the petitioner relies affirmatively or in avoidance of any matter in the answer on which the Commissioner has the burden of proof. In other respects the requirements of pleading applicable to the answer provided in Rule 36(b) shall apply to the reply. The paragraphs of the reply shall be designated to correspond to those of the answer to which they relate. (emphasis supplied) Petitioner is an attorney who has been engaged in a continuous law and tax practice for over 20 years. She is not unversed in tax matters as the record discloses that she has prepared innumerable Federal income tax returns over the years for clients for a fee. Further, during those years, she has held responsible positions as city attorney and Mayor of Enderlin, North Dakota. Notwithstanding, despite the time allowed for the filing of her Reply, she filed none. It is noted also that while she was served with a copy of respondent's Motion for Judgment on the Pleadings and his Memorandum of Law in support thereof on February 2, 1978, some 48 days in advance of the hearing on respondent's Motion, she filed no response thereto. It would appear from the tenor of her objection *363 filed on August 3, 1977, that her paramount interest is in taking care of her clients first in deference to complying with notices issued by the Court. She has, in essence, ignored the notices issued to her and, by her conduct, shown complete and utter disrespect for the rules of this Court. We now turn to the substantive issues before us. Issue 1. The Deficiencies
In his notice of deficiency respondent determined deficiencies in petitioner's income tax for 1969 and 1970. In her Petition, petitioner alleged that respondent erred in determining those deficiencies. In paragraphs 7(o) and (p) of his Answer respondent made the following affirmative allegations: (o) The income taxes due and payable by petitioner for the taxable years 1968, 1969, and 1970 are in the respective amounts of $1,539.01, $1,077.54, and $2,393.09. (p) Petitioner's delinquent income tax returns for the years 1968, 1969, and 1970 were filed without remittance and showed income txs liabilities in the respective amounts of $1,595.00, $423.20, and $1,891.08. The foregoing affirmative factual allegations were among those deemed admitted by our Order of August 3, 1977. Therefore, it follows that *364 respondent's deficiency determinations for the years involved herein must be sustained. Issue 2. Additions to Tax for Fraud
Respondent has asserted the 50 percent fraud penalty provided for in section 6653(b)[3] for each of the years at issue. The burden with respect to this issue is upon respondent to prove, by clear and convincing evidence, that some part of the underpayment of tax was due to fraud with an intent to evade tax. Section 7454(a); Imburgia v. Commissioner,22 T.C. 1002 (1954); Rule 142(b), Tax Court Rules of Practice and Procedure. That burden can be satisfied by respondent through those undenied facts admitted under Rule 37(c). Gilday v. Commissioner,62 T.C. 260 (1974); Morris v. Commissioner,30 T.C. 928 (1958); Black v. Commissioner,19 T.C. 474 (1952). We hold that, by reason of such admitted facts in this case, respondent has satisfied his burden of proving fraud. *365 It has long been held that evidence of fraud can be found from the willful failure to file a return. Powell v. Granquist,252 F.2d 56 (9th Cir. 1958); Acker v. Commissioner,26 T.C. 107 (1956); Bennett v. Commissioner,30 T.C. 114 (1958). While willful failure to file is, by itself, insufficient to support a finding of fraud, Beaver v. Commissioner,55 T.C. 85, 93 (1970), such failure is properly considered together with other facts in order to establish the requisite intent to evade tax. Cirillo v. Commissioner,314 F.2d 478 (3d Cir. 1963), affg. in part a Memorandum Opinion of this Court. For each year at issue, we have no hesitation in finding that petitioner willfully failed to file income tax returns. Initially, petitioner was convicted of violating section 7203[4] for each and every year at issue before this Court. One of the essential elements of this offense is a finding that the failure to file was willful. Hence, the doctrine of collateral estoppel necessarily binds us to a similar conclusion *366 for those years. See Amos v. Commissioner,43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965). [5]
As indicated above, petitioner is an educated person who graduated from law school in 1950. Except for a short period, from 1951 to *367 1954, when she worked as a law clerk in the office of an attorney, she has been engaged in a continuous law and tax practice for more than 20 years. Prior to 1968, petitioner prepared each year approximately 200 to 250 Federal income tax returns for clients for fees. During the years at issue, albeit she was employed as city attorney and Mayor f albeit she was employed as city attorney and Mayor of Enderlin, North Dakota, she prepared approximately 75 returns for clients for fees. In this connection, the United States Court of Appeals for the Eighth Circuit, in its opinion affirming petitioner's conviction for willful failure to file Federal income tax returns for the very years at issue before us, United States v. Pohlman,supra, at pages 975 and 976, had this to say: * * *
Pohlman, a practicing attorney in Enderlin, North Dakota, according to her testimony at trial had prepared thousands of tax returns and was fully aware of the Internal Revenue Code provisions requiring the filing of tax returns. She, however, did not file her personal returns for the years in question until October, 1972, after a visit by an IRS field auditor. The reasons given *368 at trial were that she was involved in her positions as City Attorney and Mayor of Enderlin in 1969 and 1970 and had some personal problems so that she did not realize until after the filing deadlines that she had income sufficient to require filing. The returns introduced into evidence at trial indicated that in 1968 she had a gross income from her profession of $22,785 and a taxable income of $7,988; for 1969 she had a gross income of $18,452 and taxable income of $3,269; and for 1970 a gross income of $28,896 and $8,278 taxable income. During the years at issue, petitioner knew she was required to file Federal income tax returns on or before April 15 of the year following the end of each tax year. Except for a cash disbursement journal maintained for 1968, she did not maintain any records of her income and expenses. Finally, she did not file her returns for those years until after she had been contacted by a representative of the Internal Revenue Service. Such conduct has long been held to be an indicia or badge of fraud. Upon a careful consideration of the entire record, we conclude that the underpayment of tax required to be shown on each of petitioner's Federal income *369 tax returns for the years 1968, 1969, and 1970 was due to fraud with intent to evade tax. Accordingly, respondent's Motion for Judgment on the Pleadings will be granted. It follows that there are deficiencies and additions to tax due from petitioner for the years and in the amounts determined by respondent in his statutory notice of deficiency. An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial Motion for Judgment on the Pleadings and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩ are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing on March 22, 1978.
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
3. SEC.6653. FAILURE TO PAY TAX. * * *
(b) FRAUD.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a). In the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse. (c) DEFINITION OF UNDERPAYMENT.--For purposes of this section, the term "underpayment" means-- (1) INCOME, ESTATE, GIFT, AND CERTAIN EXCISE TAXES.--In the case of a tax to which section 6211 (relating to income, estate, gift, and certain excise taxes) is applicable, a deficiency as defined in that section (except that, for this purpose, the tax shown on a return referred to in section 6211(a)(1)(A) shall be taken into account only if such return was filed on or before the last day prescribed for the filing of such return, determined with regard to any extension of time for such filing) * * *. SEC.6211. DEFINITION OF A DEFICIENCY. (Sec.6211(a)) (a) IN GENERAL.--For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, and 44 the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44 exceeds the excess of-- (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over-- (2) the amount of rebates, as defined in subsection (b)(2), made.↩
4. SEC.7203. WILFUL FAILURE TO FILE RETURN, SUPPLY INFORMATION, OR PAY TAX. Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015↩), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution. 5. See also, Klee v. Commissioner,T.C. Memo. 1977-149↩.