**In re Anonymous No. 49 D.B. 78**

Disciplinary Board Docket no. 49 D.B. 78.

SCHIAVO, *Board Member*, November 21, 1979—Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (rules), The Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above proceeding.

## I. STATEMENT OF THE CHARGES

There are two proceedings hereunder against respondent. Proceeding or charge no. [1] was commenced by a petition for discipline filed by disciplinary counsel on October 16, 1978, on the grounds that respondent, in violation of section 7203 of the United States Internal Revenue Code of August 16, 1954, 68A Stat. 851, as amended, 26 U.S.C.A. §7203, willfully and knowingly failed to file United States income tax returns for the calendar years 1968 through 1974 inclusive, being thus also in violation of Disciplinary Rules 1-102(A)(4), 1-102(A)(5) and 1-102(A)(6). Proceeding or charge no. [2] was commenced by a petition for discipline filed by disciplinary counsel on November 20, 1978, on the grounds that respondent, in violation of Pennsylvania law, Act of July 12, 1935, P.L. 970, 72 P.S. §3402-401, willfully and knowingly failed to file Pennsylvania income tax returns for the calendar years 1971 through 1974 inclusive, being thus also in violation of Disciplinary Rules 1-102(A)(4), 1-102(A)(5) and 1-102(A)(6).

## II. HISTORY OF THE PROCEEDINGS

Following the filing of said proceedings or charges and answers thereto the proceedings or charges were consolidated and referred to hearing

committee [  ] consisting of [  ], Esq., chairman, [  ], Esq., and [  ], Esq., which on July 19, 1979, filed its hearing committee report finding as conclusions of law that respondent's conduct, the subject of said proceedings, violated Disciplinary Rule 1-102(A)(5) in that it was prejudicial to the administration of justice, violated Disciplinary Rule 1-102(A)(6) in that it adversely reflected on respondent's fitness to practice law but did not violate Disciplinary Rule 1-102(A)(4) which charge was recommended to be dismissed. The hearing committee found that the above violations were proven to it beyond a reasonable doubt. The hearing committee recommended that respondent be publicly censured by the Supreme Court with probation.

To the hearing committee report respondent filed exceptions and requested oral argument which was held on September 28, 1979, before a duly designated panel of this board consisting of [  ], Esq., chairman, [  ], Esq., and [  ], Esq. Briefs were filed by respondent in support of said exceptions and by petitioner against said exceptions and able oral argument advanced accordingly. The unanimous opinion and decision of the Disciplinary Board was in favor of dismissal of all the filed exceptions.

## III. HEARING COMMITTEE RECOMMENDATION AND REASONS THEREFOR

The said recommendation of hearing committee [  ] was unanimously that respondent, [  ], be publicly censured by the Supreme Court with probation on the basis of his violations of said two Disciplinary Rules, 1-102(A)(5) and 1-102(A)(6), determined by proof to the hearing committee beyond a

reasonable doubt that respondent's failure to file tax returns and pay taxes for the years in question was willful as that term is defined by applicable Federal law and thus in violation of said applicable Federal law and even though no court ever rendered an adjudication of guilt. Although there was no particular disposition of the Pennsylvania income tax matter as the same related to respondent, the general language of the report and findings of fact amply covered and treated with the same. In all the hearing committee made 51 findings of fact upon which it based its reasons, conclusions of law and ultimate recommendation. Following a review of the entire record, including the hearing committee report, the transcript of testimony and matters admitted and briefs of both respondent and petitioner the Board opines that the hearing committee fully discharged its responsibilities and duties without error.

• • •

## V. CONCLUSIONS OF LAW

1. The failure of respondent to file Federal income tax returns and pay Federal income taxes for the years in question 1968 through 1974 inclusive, was proven beyond a reasonable doubt to have been willful as that term is defined in the applicable Federal decisional law: United States v. Malinowski, 472 F. 2d 850 (3d Cir. 1973), cert. denied, 411 U.S 970, 93 S.Ct. 2164 (1973); United States v. Ettorre, 387 F. Supp. 583 (E.D. Pa. 1975); United States v. Pomponio, 429 U.S. 10, 97 S.Ct. 510 (1976); and United States v. Pohlman, 522 F. 2d 974 (8th Cir. 1975), cert. denied 423 U.S. 1049, 96 S.Ct. 776 (1976), thus being in violation of section 7203 of the Internal Revenue Code, 26 U.S.C.A. §7203.

2. Respondent's failure to file Pennsylvania tax returns and pay Pennsylvania income taxes for the years in question 1971 through 1974 inclusive was proven beyond a reasonable doubt to have been willful, thus being in violation of 72 P.S. §3402-401.

3. Respondent's conduct violated Disciplinary Rule 1-102(A)(5) in that it was prejudicial to the administration of justice.

4. Respondent's conduct violated Disciplinary Rule 1-102(A)(6) in that it adversely reflected on respondent's fitness to practice law.

5. Petitioner has not sustained its charge that respondent violated Disciplinary Rule 1-102(A)(4), and it is therefore dismissed.

6. Respondent's exceptions to the report and recommendation of the hearing committee are without merit and are accordingly dismissed.

## VI. PRIOR RECORD

There is no indication that respondent has any prior record of discipline.

## VII. DISCUSSION

Respondent basically contends that the charges against him should be dismissed because he was never convicted by any court of proper jurisdiction of having violated the abovementioned Federal and state income tax statutes, that he did not willfully fail to file such income tax returns as the term "willful" is used in the various applicable statutes and/or, in any event, such willfulness of respondent was not proven beyond a reasonable doubt by petitioner. Respondent in the alternative asks for mitigation of the recommended discipline of public censure with probation based upon the suffering he has already experienced and his never being prosecuted for said statutory tax law violations by any

authorities. Respondent in advancing said arguments also greatly stresses the fact that these entire proceedings came about only through a voluntary disclosure by respondent himself of said failure to file (and pay).

One of the most sensitive and omnipresent personal considerations of every professional person, especially an attorney at law, is his or her liability for and payment of Federal, state and local income taxes. Whether or not an attorney is involved in tax practice is irrelevant, for every attorney in this day and age in his professional capacity should or ought to know of the imminence of an income tax problem or situation with regard to his clients as well in order to properly advise or alert them. This all becomes even more glaring and noticeable where as in the present case there is a complete change of and break with past tax practices of filing income tax returns and paying the tax due while having at hand all the tax reference resources of a major metropolitan law firm and of the metropolitan area itself.

As stated by the Supreme Court in Brodstein Disbarment Case, 408 Pa. 84, 86, 182 A. 2d 181 (1962), which involved similar tax involvements and violations by an attorney:

"The relationship of the lawyer to his government should provide an exemplary standard for the relationship of the general public to its government. Actions that breach the solemn trust that the lawyer owes to his government do great damage to our democracy. They should not be glossed over, justified or excused by unwarranted emotionalism."

Not being satisfied with sowing the bad seeds for the vines of such misdeeds over the years in question, respondent also savored and enjoyed the forbidden fruit which bloomed thereupon by having participated (not unwillingly) in a very high life style subsidized by said tax moneys and all at the expense of the Federal and state governments. This includes respondent's enjoying the benefits of part of his wife's substantial inheritance prior to the use of those moneys to pay off the many thousands of dollars of delinquent taxes and penalties owed by him and as based on his considerable income over the years.

The burden in disciplinary proceedings such as these of proving violation of a disciplinary rule is not that beyond a reasonable doubt but that by a fair preponderance of the evidence: Berlant Appeal, 458 Pa. 439, 328 A. 2d 471 (1974), cert. denied, 421 U.S. 964 (1975). Nonetheless, the board is convinced that there was proof of violation of Disciplinary Rules 1-102(A)(5) and 1-102(A)(6) and correspondingly of respondent's willful failure to file his income tax returns for the periods in question well beyond a fair preponderance of the evidence and even beyond a reasonable doubt.

The word "willful" as used within the Federal income tax statutes (also as applicable to the Commonwealth of Pennsylvania tax statute) is interpreted as an intentional rather than an inadvertent or negligent violation of a known legal duty: United States v. Malinowski, supra; United States v. Ettorre, supra; Unites States v. Pomponio, supra; and United States v. Pohlman, supra. The board does not have the benefit of the conclusiveness, as an evidentiary matter, of the violation of

these tax statutes as per a conviction of respondent for the same in a court of proper jurisdiction. The board therefore had to review all the evidence in light of the above interpretation of the word "willful" by the various federal authorities which it hereby adopts as the applicable standard hereunder. The board is satisfied by the evidence presented that respondent's actions in failing to file income tax returns and pay income taxes for the years in question fit within the above definition of "willful." This is all that needs to be done for the board to arrive at its ultimate conclusions above.

That respondent was never convicted of any crime relative to said violations is really not germane to these proceedings. A party may even be acquitted of criminal charges and then made subject to disciplinary proceedings based on the same conduct: Office of Disciplinary Counsel v. Campbell, 463 Pa. 472, 345 A. 2d 616 (1975). Discipline has been imposed in the absence of a conviction for a willful failure to file income tax returns: Iowa State Bar Association v. Kraschel, 260 Iowa 187, 148 N.W. 2d 621 (1967); and In re Bennethum, 161 A. 2d 229 (Del. 1960).

The board and the disciplinary system of the Commonwealth of Pennsylvania of which it is part are properly separate and apart from the adjudicatory effect of all other tribunals wherein the subject of professional discipline is not directly at issue. Thus, such other decisions by such other tribunals do not bind the hands of the board. Also, from a commonsense professional responsibility point of view how can the idea be accepted that if an attorney is not adjudicated guilty in a criminal proceeding, he or she can never be subject to discipline for

the same subject matter conduct, particularly in light of the fact that violations of most disciplinary rules are not grounded in violations of criminal codes, statutes or other such laws.

With regard to the type and extent of discipline to be imposed the board has carefully considered the uncontested assertion by respondent that he voluntarily and ultimately paid all his taxes and then voluntarily stepped forward before disciplinary counsel to disclose his aforesaid actions which then became the subjects of these proceedings. Respondent stated that the reasons for this disclosure were a matter of conscience to square these actions with himself and the world, his fiduciary relationship with other members of the bar and with the bench and his being able to live out his future life with a clear conscience. On the other side of the coin are the facts that such a forward movement disclosure appears less like a spontaneous explosion of pent-up conscientious anxieties than the last sequential step of a well deliberated design, all fueled by the large inheritance of respondent's wife which was used in part to settle his entire due with the taxing authorities before said disclosure. Also on the other side of the coin is that said disclosures were made to disciplinary counsel in or about October of 1978, sometime after such disclosure was made by respondent to his law firm in July of 1975. There is no indication that respondent's disclosure to his law firm was privileged; accordingly we must assume that Disciplinary Rule 1-103 was observed by his law firm in letter and/or in spirit by at least strong encouragement being directed toward respondent by his law firm to make such disclosure, otherwise leaving no alternative but for his law firm to do so.

Under such circumstances said element of voluntariness, while somewhat impressive, does not overwhelm the board.

Although respondent was not convicted by or in any court of any related crime, such occurred not because of the particular merits of his case but rather because of the then timely change of policy of the United States Internal Revenue Service prosecutor not to recommend prosecution in cases involving a voluntary disclosure of a failure to file returns and pay the tax due. Moreover, unlike the facts in the decisions reviewed immediately hereafter, respondent hereunder has committed not one but two sets of tax violations, one with the Federal and one with the Commonwealth taxing authorities, resulting in the two disciplinary proceedings hereunder. In retrospect it is difficult to perceive how respondent's actions are any better than those involving failure to file accurate income tax returns or the filing of income tax returns omitting or not reporting income of much lesser magnitude than that invovled in the present proceedings.

Review of recent disciplinary decisions in other cases in light of the facts of the present case must also be made before making a final determination or recommendation as to the type and extent of discipline to be imposed. In the case of In re Anonymous, 15 D.B. 76, 4 D. & C. 3d 394 (1977), the Supreme Court accepted the board's recommendation of public censure for a respondent who willfully failed to file Federal income tax returns for several years and who pleaded guilty to only one count thereon before the Federal court. The same procedure was followed and public censure discipline imposed by the Supreme Court in the case of Office of Disciplinary Counsel vs. [Anonymous], No. 82 Disciplinary Docket No. 1 Supreme Court, 43 D.B.

74 Disciplinary Board. There respondent was convicted by a jury of willfully failing to file Federal income tax returns for the years 1970 and 1971. See also Anonymous No. 9 D.B. 76, 4 D. & C. 3d 388 (1977), where public censure was also imposed as a discipline following a plea of guilty to one count of willfully failing to file Federal income tax returns. In all the above cases all respondents were very active in and unselfish in the contribution of their personal time and efforts to their respective communities. In In the Matter of [Anonymous], no. 87 Disciplinary Docket no. 1, 10 D.B. 75 Disciplinary Board, the Supreme Court rejected the board's recommendation of a six-month suspension from the practice of law for respondent who pleaded guilty to one count of willfully failing to file a Federal income tax return and imposed instead public censure as the appropriate discipline. The gravity of the present respondent's offenses at least equalled and probably exceeded the gravity of the offenses in the immediately above cited cases, and such gravity rather than the technicality of the conviction or plea of guilty is perforce of greater importance and moment to the board.

## VIII.  RECOMMENDATION

The board recommends that respondent, [   ], be subjected to public censure by the Supreme Court of Pennsylvania.

## ORDER

EAGEN, *C.J.*, And now, December 6, 1979, the recommendation of the Disciplinary Board of the Supreme Court of Pennsylvania dated November 21, 1979 is accepted; and it is ordered, that [Respondent], Esq., be, and he is to be subjected to

public censure by the Supreme Court, as provided for in Rule 204(3) of the Rules of Disciplinary Enforcement, at the session of this court commencing January 21, 1980 at Philadelphia.

Mr. Justice Roberts and Mr. Justice Larsen dissent, being of the view that a period of suspension is the appropriate sanction.